5b 483<br/>125 394

## THE STEAM-BOAT ROVER *v.* STILES.

Where there are several liens on a steam-boat, arising under the statute au-
thorizing the seizure of boats and other vessels for debt, and the boat is
sold on a judgment in a suit under the statute for one of the claims, the
purchaser takes the boat discharged of the liens.

APPEAL from the *Knox* Circuit Court. <span style="float:right">*Thursday,*<br/>*January* 28,</span>

BLACKFORD, J.—This is an action *in rem* brought by *Stiles* 1841.
against the *Steam-Boat Rover* in the *Knox* Circuit Court, for
a claim of 190 dollars for services rendered by the plaintiff
on board the boat. It is a proceeding commenced under the

Nov. Term,
1840.

THE STEAM
BOAT ROVER
v.
STILES.

statute of 1838, entitled "An act authorizing the seizure of boats and other vessels for debt," and is founded on a written acknowledgment of the claim signed by the captain of the boat, and dated the 23d of *September*, 1838. The affidavit was made by the plaintiff, and his declaration in assumpsit filed, on the 12th of *February*, 1840; both being in the usual form. The defendant pleaded the general issue, and also a special plea in bar.

The special plea states that in *October*, 1839, an attachment against the boat, her tackle, and apparel, was issued in *Vigo* county in favour of *Levi Southwick* on a claim, supported by affidavit, for 751 dollars and 96 cents, for his services on board the boat as an engineer, and in navigating the same, from the first of *May*, 1837, until the fourteenth of *June*, 1839; that the attachment was duly executed and returned; that a judgment against the boat for the sum named in the writ with costs, was rendered in the suit in the *Vigo* Circuit Court, at the *November* term, 1839, and execution awarded against the property attached; that the execution issued accordingly, and the boat, her tackle, and apparel, were sold by the sheriff in *December*, 1839, by virtue of the execution, to *Augustus M. Wiley* for 873 dollars and 25 cents; that the boat, her tackle, and apparel, therefore, belong to *Wiley*, and are not subject to the attachment.

The special plea was demurred to generally, and the demurrer sustained. The cause was tried by the Court on the general issue, and final judgment rendered for the plaintiff.

We think the demurrer to the special plea in this case should have been overruled.

Our statute gives a lien on vessels in cases where it is not given by the maritime law, viz. for materials furnished to a domestic vessel, &c.; and it enacts that such liens, as well as those for boatmen's and mariners' wages, may be enforced in the Courts of common law. It also authorizes any number of the claimants to unite in one declaration, as they may in a libel in Courts of Admiralty. But there is nothing said in the statute as to whether the claimants, who have neglected to sue, but who have liens, may come in after a sale of the vessel by order of the Court, as is allowed in Courts of Ad-

miralty, for a share of the proceeds according to the nature of their claims. R. S. 1838, p. 120.

In the case before us the plaintiff, from the nature of his demand, might have arrested the boat under the statute, had he commenced his suit in time; but we know of no authority which could authorize him, after the sale under *Southwick's* judgment, to arrest the boat in the hands of *Wiley*, the purchaser at that sale.

The authority relied on by the plaintiff is 3 Kent's Commentaries, 196. The following is the author's language:— " They (seamen) may disregard bottomry bonds, and pursue their lien for wages afterwards, even against a subsequent *bona fide* purchaser. It follows the ship and its proceeds into whose hands soever they may come by title or purchase. Their demand for wages takes precedence of bottomry bonds, and is preferred to all other demands, for the same reason that the last bottomry bond is preferred to those of a prior date." We suppose that the author means here, that the lien follows the ship into the hands of a purchaser *from the owner.* That this is his meaning appears from the following cases which he cites for his opinion. *The Ship Mary*, 1 Paine's R. 180.—*Sheppard et al.* v. *Taylor et al.* 5 Peters' R. 675. We also understand the author, in saying that seamen's demands for wages take precedence of all others, to have reference to the priority to which such demands are entitled, when the proceeds of a sale of the ship come to be distributed. The passage quoted, viewed in this light, is no doubt correct, but it has then no application to the case before us.

In a suit in a Court of Admiralty against a ship by seamen for their wages, or by material men for supplies furnished to a foreign ship, the Court, after finding the sum due to each of the suitors, orders the ship to be sold and the proceeds to be paid into the registry. The amount is afterwards distributed, by order of the Court, among the plaintiffs, and other claimants having liens and who have applied in time, according as justice requires. 2 Brown's Civil & Adm. Law, 402, 403.—2 Chitt. G. P. 520, 527.—Abbott on Shipp. 120.— *The Jerusalem*, 2 Gallison, 345. And the purchaser at such

sale takes the ship discharged of all liens of seamen, material men, &c., which existed at the time of the sale.

The circumstance that our statute is silent as to whether or not a claimant having a lien on a boat, can come in for a share of the proceeds of a sale of the boat ordered in a suit instituted by others, does not show that he can proceed against the ship after the sale. It may show that such claimant's rights after the sale are less under the statute than by the maritime law, but not that they are greater.

We are therefore of opinion that the plaintiff's remedy, under the circumstances of the case, is not against the boat, but by an action against the person who owned the boat when the services were rendered, or against the person with whom the contract was made.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the demurrer to the special plea set aside, with costs. Cause remanded, &c.

*A. Kinney* and *A. T. Ellis,* for the appellant.

*S. Judah,* for the appellee.