Judge Birch
delivered the opinion of the court.
To secure the payment of certain moneys to become due to the appellee, the appellants executed to him an unsealed instrument of writing, purporting to convey to him, in trust, certain lands, which, in default of *568 payment; he was authorized to sell, and appropriate the proceeds; in payment of the debt they owed him;
S'ome years afterwards, Boly proceeded to sell the land pursuant to the term's of said instrument—becoming himself the purchaser. Being advised; however, that a purchase thus made by himself was invalid; he advertised the land anew, and it was purchased at the second salé by one Burns, who subsequently conveyed it by quit claim to Boly; Having again taken counsel upon the subject, and very properly distrusting the validity of a title thus acquired, he brought his bill in chancery, reciting the facts stated; and Others not necessary here to consider; and prayed a decree of title, and of genéral relief;
The 'decrete finally rendered was in abcordance with the speeifib prayer of the bill—vesting the title of the land in Boly—and also for the difference; in money, between the sum the land sold for at the second sale, and the sum due him by the appellants—and from this they appealed.
Passing over the testimony respecting fraud aííeged to have been practised towards the appellants by the appellee, in the original sale of the land, (upon which we deem that the chancellor might well enough find, as he did, that it was not made out,) it is sufficient to remark that the unsealed instrument, being but an equitable lien, and hence insufficient, per. se, to authorise the sale and conveyance of the land in controversy, an unauthorized proceeding under it cannot be helped out in the manner decreed;
The proper course would have been, to have gone at once into a court of equity, with a prayer to subject the land to sale under a decree of the court, for the purpose of discharging the debt found due by the recital of the instrument.
This would have been in accordance with the equitable intent of the parties, and seems to us to be the extent to which the decree of the circuit court should have gone, under the general prayer of the bill which was subsequently brought.
The decree of the circuit court is therefore reversed, and the cause remanded, to be proceeded in conformably to this opinion.