## HAIGHT & BRO. v. STEAMBOAT HENRIETTA.

The seizure and sale of a steamboat under the laws of the state of Missouri, will not divest the lien of a citizen of the state of Iowa, for supplies furnished such boat, while navigating the waters of this state.

Where in an action against a steamboat, to enforce a lien for supplies furnished, it appeared that the articles were furnished to said boat, in the fall of 1855, in the city of Keokuk and state of Iowa; that afterwards, on the 20th of November, 1855, said boat was seized under a warrant, at the suit of D. and others, under the laws of the state of Missouri, for an indebtedness contracted while navigating the waters of that state; that under an order of court in Missouri, the sheriff, on the 22d of December, 1855, sold the said boat, with all her tackle, fixtures, and furniture, to one M., who is still the owner, and who defends this suit; and that the notice of the suit of D. and others was limited to creditors having liens against said boat under the laws of Missouri, which laws excluded non-resident creditors, or those having debts contracted out of the state; Held, That the lien of the plaintiff was not destroyed by the proceedings in Missouri, and that the boat was liable.

*Appeal from the Lee District Court.*

THIS action was brought before a justice of the peace, in June, 1856, to recover for certain supplies furnished said boat. In the District Court, the facts were found by the judge to be as follows:

1. That the articles claimed by plaintiff, and of the value as claimed, were furnished to said boat, in the fall of 1855, in the city of Keokuk, in this state.

2. That afterwards, on the 20th of November, of the same year, said boat was seized under a warrant, at the suit of J. M. Douglass and others, under the laws of the state of Mis-

souri, for an indebtedness contracted while navigating the waters of that state.; and that under an order of court in Missouri, the sheriff on the 22d of December, 1855, sold the said boat, with all her tackle, fixtures and furniture, to one Matthews, who is still the owner, and now defends this suit.

3. That the notice at the suit of Douglass and others, was limited to creditors having liens against said boat, under the laws of Missouri, which laws precluded non-resident creditors, or those having debts contracted out of said state. Upon these facts, it was held, that plaintiffs were not parties to the proceeding under which the boat was sold; and that it was not thereby discharged from the lien given to them for the supplies furnished, under the laws of this state. Judgment accordingly for plaintiff, and defendant appeals.

*Edwards & Turner*, for the appellant, cited the following authorities: *Steamboat Champion* v. *Jantzer*, 16 Ohio, 91; *Goodsill* v. *Brig St. Louis*, 16 Ib. 178; *Schooner Aurora Borealis* v. *Dobbie*, 17 Ib. 125; *Kellogg et al.* v. *Brennan et al.*, 14 Ib. 72; *Jones and Watkins* v. *Steamboat Commerce*, 14 Ohio, 408; *Provost et al.* v. *Wilcox et al.*, 17 Ib. 359; *Dobbyne* v. *Sheriff of St. Louis County*, 5 Missouri, 256; *Steamboat General Brady* v. *Buckley & Randolph*, 6 Ib. 558; *Steamboat Rover* v. *Stiles*, 5 Blackf. 483; *Pulliam, Ex.* v. *Osborne, Adm'r*, 17 Howard, 471; 11 B. Monr. 25; Drake on Att'ch. § 265; 1 B. Monr. 313; 6 U. S. Cond. 506; *Thompson* v. *Steamboat Morton*, 2 Warden, 26.

*Rankin, Miller & Enster*, and *George W. McCrary*, for the appellee, cited the following: Code, § 2116; Swan's Stat. 207; 1 Howard, 311; 9 Ib. 69; *Sigler* v. *Woods*, 1 Iowa, 177; *Noble* v. *Steamboat St. Anthony*, 12 Mo. 252; 18 Ib. 587; *Twitchel* v. *Steamboat Missouri*, 12 Ib. 412; *The Mary*, 3 U. S. Cond. 335.

WRIGHT, C. J.—By the Code, (ch. 120,) the claim of the plaintiffs was a *lien* upon this boat, taking preference of any and all claims against the same, or any of her owners, growing out of any other causes than in said chapter are enu-

merated. The material question in the case is, whether the seizure and sale of the boat, under the laws of Missouri, operated to divest or destroy this lien? We think not. Plaintiffs had one year within which to bring their suit against the boat, and for thàt length of time their lien continued. Before the expiration of the year, the now owner of the boat purchased under the sale in Missouri. Whether the proceedings there instituted, were against the former *owners* of the boat, or against the boat itself, does not appear from the facts found by the court below. If against the *owners*, it is very clear that the lien of the plaintiffs, under and by virtue of the laws of this state, would not be destroyed. See *Steamboat Seabird* v. *Bechler*, 12 Mo. 568. If against the boat itself, to enforce liens, given to parties, under the laws of the state of Missouri, the effect of such sale upon the lien of plaintiffs, under our law, would present a more doubtful question for our determination. And if by the laws of Missouri, at the time this proceeding was had, the lien or claim of plaintiffs could have been there enforced against the boat, the claim of the present owner would have been still stronger. The courts of that state, however, have held repeatedly that their "act concerning boats and vessels," and the one under which this boat was sold, " was designed to afford a speedy and convenient remedy to our (their) own citizens, and to such others only, as are engaged in trade within our (their) jurisdiction, at the time of their contracts." *Noble* v. *S. B. St. Anthony*, 12 Mo. 263 ; Ib. 412 ; *S. B. Rariton* v. *Pollard*, 10 Mo. 583. See also *Champion* v. *Jantzen*, 16 Ohio, 90 ; *Goodsill* v. *Brig St. Louis*, Ib. 178. · If, then, the plaintiffs would not have been permitted to enforce their lien, though urged at the time of said seizure and sale, it would be a virtual mockery of justice, to say that they are bound by such proceedings. And not being bound, it seems to us there can be but little ground for saying, that the purchaser took the boat freed from plaintiffs' lien. All persons having liens which could be enforced, might be bound by the seizure and sale, and the present owner might hold the boat, without being subject to such

liens.  Not so, however, as to those liens which, having a valid existence under our laws, at the time of his purchase, could not, within the jurisdiction of such purchase, be enforced.  He might take the boat freed from the liens in Missouri, but not from those in this state.  We cannot concur in the position, that the rules which obtain in maritime proceedings, apply in this.  The proceedings under the maritime law for the sale of a libeled vessel, are strictly *in rem*.  Such sales are for the benefit of all persons interested, and not for the benefit alone of those in a particular locality or jurisdiction.  All are bound, for *all* having claims may, within a specified time, come forward and establish their claims.  In this case, however, the proceedings in Missouri, included and bound only those within that jurisdiction; none others could establish their claims and demand a *pro rata* distribution.  The distinction, we think, is quite manifest. The position of appellant, that the petition of plaintiffs does not show that this suit was commenced within one year after the supplies were furnished, is most clearly based upon a mistaken view of the record.  The averment is very distinctly made.

Judgment affirmed.