WHITE v. TISDALE, *et al.*

1. BOAT: BOND. Under § 2125 of the Code, an order for an execution against the principal and sureties on a bond executed in accordance with the provisions of § 2124, may be made, though there has been no formal entry of the discharge of the boat.

2. SAME: APPROVAL. A bond executed under § 2124, of the Code of 1851, and returned by the sheriff as the bond taken by him under the statute, for the release of a boat, is valid, and should be enforced though no formal entry of approval appears thereon.

*Appeal from Polk District Court.*

TUESDAY, JUNE 11.

THE facts appear in the opinion of the court.

*Brown & Sibley* for the appellants.

*C. C. Cole* for the appellee.

WRIGHT, J.—Chapter 120 of the Code of 1851 provides for actions against boats. Plaintiff brought his action against the "Des Moines Belle," and after her seizure, a bond was given as contemplated by § 2124, which provides that the boat may be discharged before final judgment by the giving of a bond, with sureties to be approved by the officers serving the warrant, conditioned that the obligors will pay the amount found due the plaintiff, with costs. The next section (2125) provides that if the boat has been thus discharged, the execution shall issue against the principal and sureties in the bond without further proceedings.

To justify and authorize the order for such execution, it is not necessary that a formal entry or order for the *discharge* of the boat should be first made. When the bond is entered into, the legal effect thereof is to discharge the property seized; and the plaintiff's remedy is on the bond. The boat, however, still continues the party defendant to the action in such a sense, that the finding in favor of the plaintiff is against the boat. And yet it is no more necessary that an order be made for the release of the boat, to make the bond valid as a statutory obligation, than it is in an ordinary case of appeal from a justice of the peace, to make an entry that all the proceedings under the judgment appealed from are stayed or suspended.

The law prescribes the condition of the bond. If a bond thus conditioned is made and returned by the sheriff serving the warrant, he referring to it as the bond taken by him under the statute for the release or discharge of the boat, it is the duty of the court to direct the execution against the parties thereto, though no formal entry of approval appears on such bond. The return of the bond by such officer, stating that it was executed for the release of the boat, is sufficient evidence of his acceptance and approval to make it good under the statute, and to entitle the plaintiff and the

court to treat it as taken in the manner required by the section of the Code above cited.

Judgment affirmed.