## OGDEN v. OGDEN et al.

1. STEAMBOATS: CONFLICT OF LIENS. The sale of a steamboat under the statute laws of Illinois does not discharge such boats from liens which have attached under the laws of this State. Following *Haight, Bros. & Co.* v. *The Steamboat Henrietta*, 4 Iowa, 472.

2. SAME: MARITIME LAW. The maritime law, as administered in courts of admiralty, does not apply to this class of cases.

3. SAME: JUDGMENT AGAINST A BOAT: BOND. In an action against a steamboat, a judgment may be rendered against the boat and the sureties upon the bond upon which such boat was discharged from levy. Following *White* v. *Tisdale et al.*, 12 Iowa, 75.

*Appeal from Des Moines District Court.*

THURSDAY, APRIL 17.

THE facts are stated in the opinion of the court.

*Browning* for the appellant.

*C. Ben Darwin* for the appellee.

LOWE, J.—A special proceeding under the boat act, to recover the value of work done and materials furnished in repairing the steamboat "J. W. Jones."

The work was done in the spring of 1858. In the fall of that year the boat was seized and sold to defendants, to satisfy a claim for which there was a lien under the statute laws of Illinois. In the spring of 1859, before the year expired, while the boat was again navigating the waters of this state, she was taken by the plaintiff for the purpose of making her amenable for $93.60, being the price and value of the work and materials aforesaid.

The principal error insisted upon by appellants, was in holding that the seizure and sale of said boat to a third party under the statute laws of Illinois, did not have the effect of discharging her from the lien given to the plaintiff under the laws of this state.

This particular question was quite fully and fairly settled against the appellants, in the case of *Haight & Bro.* v. *The Steamboat Henrietta*, reported in 4 Iowa, 472 which upon examination is re-affirmed, making it unnecessary for us to restate the grounds of the opinion.

Counsel for appellants mistake in supposing that the maritime laws, as administered in courts of admiralty, apply to cases of this description which are limited to creditors of a particular locality having liens against the boat in question.

Again, it is claimed that in rendering a judgment for the amount of plaintiff's claim against the boat, the court at the same time rendered a judgment against Robert B. Tedford, and John Ogden, upon whose bond the boat had been discharged. This we think was clearly authorized by sec. 2125 of the Code of 1851, and was not error. *White* v. *Tisdale et al.*, 12 Iowa, 75. Other points are made in argument not suggested by the assignments, nor does it appear from the record that they were even raised in the court below. Judgment

Affirmed.