Roose *v.* McDonald.

23  157
125  394

————————◇————————

ROOSE <i>v.</i> McDONALD.

LIENS UPON WATER-CRAFT—ESTOPPEL.—*Roose* brought an action against the steamer *Antelope*, under the statute regulating liens upon water-craft, to enforce the collection of a demand originating in *Indiana*. Bond was filed by *McDonald*, who was substituted as defendant. The third paragraph of the answer avers that the boat had been seized and sold under a decree of the *Louisville* Chancery Court to *Shirley*, "and that, before said sale, said *Roose* declared and stated that he held a claim against said boat, and that he would file the same in said suit, and that the purchaser at the sale of said boat, by order of said Chancery Court, would get a good and valid title to the same, freed from all liens," etc., which statements came to the knowledge of said *Shirley*, and which he believed and relied on in making the sale, and without which he would not have become the purchaser, etc.; and so *Shirley* became the owner of the boat, freed from plaintiff's lien, and *McDonald* purchased of *Shirley*.

*Held*, that the paragraph was bad upon demurrer.

JUDGMENT IN ATTACHMENT—EFFECT OF.—A judgment in attachment, when the defendant does not appear, can not be made the foundation of an action, and will not bar a subsequent suit unless followed by payment or sale of the property seized in due course of law. Page 162.

APPEAL from the *Floyd* Circuit Court.

GREGORY, J.—*Roose* brought his action against the steamer *Antelope,* under the statute regulating liens upon water-craft, to enforce the collection of a demand originating in Indiana. The boat was released from the attachment upon a bond filed by *McDonald,* the master, who was then substituted as defendant. He answered in five paragraphs. To the second and fourth, demurrers were sustained, and demurrers to the third and fifth paragraphs were overruled, which latter ruling was excepted to at the time, and constitutes the alleged error complained of.

The third paragraph avers, "that on the 29th day of *October,* 1859, one *E. L. Huffman* filed his complaint in the Chancery Court of the city of *Louisville,* in the state of *Kentucky,* against the owners of said steamboat *Antelope*—to-wit: *James R. Parker* and others—to enforce a claim against said boat, her tackle, engines, and furniture; and such proceedings were had, that said boat, her tackle, engines, and furniture were attached, in said case, by the marshal of said court, by virtue of a writ therein issued, and a large number of claims that were liens against said boat were filed therein, as by the records of said case more fully appears, and such proceedings were had in said case, that in obedience to the order of said Court, made in said case, said boat, her tackle, engines; and furniture were sold at public auction, by the marshal of said court, and one *Z. M. Shirley* became the purchaser thereof for the sum of $4,000, and said *Shirley* in all things complied with the order of the court, in the premises; and said defendant avers that, before said sale, said plaintiff declared and stated that he held a claim against said boat, her tackle, engines, and furniture, and that he would file the same in said suit, and that the purchaser at the sale, by order of said Chancery Court, of said boat, her tackle, engines, and furniture would thereby get a good and valid title to the same, freed from all liens against said boat, her tackle, engines, and furniture; which statements and representa-

tions of said plaintiff came to the knowledge of said *Shirley* before said sale, and said *Shirley* believed and relied upon the same, and without which he would not have become the purchaser of said boat, her tackle, engines, and furniture, and by means of said sale and matters aforesaid said *Shirley* became the owner of said boat, her tackle, engines, and furniture, freed from the lien of said plaintiff's demand herein sued upon."

In support of the ruling of the court below, it is urged by counsel, that the suit in the Chancery Court in *Kentucky* was a proceeding *in rem*, and that the sale made thereunder divested the lien of the plaintiff, independent of the matters alleged by way of *estoppel;* and the case of *Steamboat Rover* v. *Stiles*, 5 Blackf. Rep. 483, is cited in support of this position. In that case, the proceeding, judgment, and sale, relied on as a defense, took place in *this state*, under the same statute, by virtue of which the boat was attached in the suit sought to be defeated. It is clear in such case, the judgment and sale passes the title to the purchaser freed from all the liens created by the same statute, in the same state. But that is not the question raised by the third paragraph of the answer in this cause; here it is attempted to set up a judgment and sale in the state of *Kentucky*, under a statute of that state, in a proceeding unknown to the common law; the statute is not plead, and we do not judicially know what the provisions of that statute are. The answer discloses the fact that the proceedings, judgment, and sale relied on, were against "*James R. Parker and others*," "owners of said steamboat *Antelope*," "to enforce a claim against said boat," etc. The proceedings were in a state court, and could not have been to enforce a maritime lien of common law origin; the courts of the *United States* having exclusive jurisdiction of the subject matter thereof, under the federal constitution. See the cases cited by *Davison*, J., in *The Steamboat J. P. Tweed* v. *Richards*, 9 Ind. 525.

The law under which the plaintiff is prosecuting his action is confined to "boats, vessels, and water-craft of every .description, *found in the waters of this state, and does not extend to contracts made and broken out of Indiana.* 2 G. & H. 301. *The Steamboat J. P. Tweed* v. *Richards, supra; Coplinger* v. *The Steamboat David Gibson,* 14 Ind. 480. We can not presume in the absence of the statute of *Kentucky,* that *Roose* could have filed his claim or commenced his action in the latter state against the steamboat in .question, to enforce a lien known only to our laws. In the case of *Strother,* etc. v. *Lovejoy,* 8 B. Mon. 135, the Court of Appeals of *Kentucky* gave to their acts of 1839 and 1841, on this subject, a construction similar to that given to our statute, by our court.

In the case of *Haight & Bro.* v. *Steamboat Henrietta,* 4 Iowa, 472, the Supreme Court of *Iowa* held the seizure and sale of a steamboat, under the laws of the .state of *Missouri,* did not divest the lien of a citizen of the former state for supplies furnished such boat, while navigating the waters of that state.

In *Michigan,* in the case of *Wright et al.* v. *Maxwell,* 4 Mich. 45, where a vessel, while subject to a valid lien, in favor of creditors residing in that state, for material furnished toward her construction, was removed from *Michigan* to *Ohio,* and there contracted further debts for her completion, the *Ohio* creditors attached her in the latter state, and sold her upon their claims. The *Ohio* boat and vessel law, under which the proceedings there were had, provided for no notice of the proceedings to non-residents, and, in fact, all such creditors were by said law precluded from appearing and asserting their claims against the vessel; *it was held* that the proceedings in *Ohio* were not in effect proceedings *in rem;* that they had no extra territorial force, and did not displace the previous lien of the creditors in *Michigan.* See also *Luther* v. *Fowler,* 1 Grant's Cases, (Penn.) 176. The ruling in this case, in the court below, on a demurrer to the second paragraph of answer,

seems to be in accordance with these cases; and as no cross errors are assigned, we suppose the defendant is satisfied with the action of the Circuit Court on this subject. The third paragraph under consideration is framed as a plea in *estoppel,* and in that character we shall examine it.

Every man is bound to know the law. The answer does not show that the plaintiff could have filed his claim in the proceedings in the *Louisville* Chancery Court. It fails to show that the plaintiff made the declarations and statements to the defendant, or with the intention of influencing his conduct in the matter. The declarations and statements complained of were as to the *future* conduct of the plaintiff, and not in relation to any existing fact at the the time. The matters set up are not sufficient to create an estoppel *in pais.* A stranger shall neither take advantage of nor be bound by an estoppel. Declarations made to one man can rarely operate as an estoppel in favor of another; not only because what is learned merely through report seldom has much influence on conduct, but because it would be unjust, in most cases, to carry the responsibility arising from a statement further than the person to whom it is addressed, or render the person making it amenable for every act which may be built upon it by strangers. *Pennall* v. *Harman,* 7 Barb. 644; *Heane* v. *Rogers et al.,* 9 Barn. & Cres. 577; 2 Smith's Leading Cases, 646–647; *Reynolds* v. *Lounsbury,* 6 Hill, 534.

The Circuit Court erred in overruling the demurrer to the fifth paragraph of defendant's answer. That paragraph is as follows: " Said defendant says that heretofore— to-wit: on the 19th day of *May,* 1859—in this court, being a court of competent jurisdiction, in a certain suit in attachment, wherein *William B. Lent, Benjamin South,* and *William C. Shipman* were plaintiffs, and said steamboat *Antelope* was defendant, said plaintiff obtained a judgment against said boat upon and for the identical cause of action sued upon herein, which judgment remains in full force

and unreversed, as by the record of this court more fully appears," etc.

The objection taken to this paragraph is, that a judgment in attachment will not be a bar to a subsequent suit, unless accompanied or followed by payment or sale of the property seized in due course of law, when the proceedings will acquire that validity which belongs to every act done under the compulsion of legal process, and which they would not possess if regarded merely in the light of an adjudication. We think that this position is correct. A judgment in attachment, when the defendant does not appear, can not be made the foundation of an action. *Henrie* v. *Sweasy's Administrator, etc.*, 5 Blackf. 335. It follows that if the proceeding in attachment is unavailing to the plaintiff for any cause, and he is put to another suit, that his remedy is on the original cause of action, and that the former judgment can not, as an adjudication, be plead in bar.

Judgment reversed; cause remanded to said court, with direction to sustain the demurrers to the third and fifth paragraphs of defendant's answer and for further proceedings. Costs here.

*R. & H. Crawford*, for appellant.
*John S. Davis*, for appellee.