## STATE OF VERMONT *v.* CON O'KEEFE.

### *Indictment.   Criminal Pleading.   Liquor Law.*

Certainty as to time and place is not always essential in descriptive averments whose office is merely to so qualify the object acted upon as to make it a proper subject of complaint. *State* v. *Cook*, 38 Vt., 431.

But the substantive acts complained of must always be alleged with certainty as to time and place.

A complaint for selling liquor, which avers that the sales were made "on *or about* the second day of January, A. D. 1867," is bad on motion in arrest of judgment.

COMPLAINT of town grand juror for violation of the statute against the sale of intoxicating liquors. The case came into the county court on appeal from the proceedings before a justice of the peace. The justice record set forth the complaint as follows:

STATE OF VERMONT, ) To Wm. E. Hawks, justice of the
BENNINGTON COUNTY, *ss.* ) peace for county of Bennington, comes Samuel C. Loomis, grand juror of the town of Bennington, in said county, and complains that Con O'Keefe, of Bennington, on or about the 2d day of January, A. D. 1867, at Bennington, did at divers times sell and furnish intoxicating liquor, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state.

After stating the warrant and officer's return, the record proceeded as follows:

And the said writ being duly returned and entered for trial, the respondent being called and put upon his plea, plead not guilty. And after hearing and considering the proofs adduced in support of said complaint, it is considered and adjudged by this court that the respondent be immersed in a fine of twenty dollars, to be paid to the treasurer of the state of Vermont. And the costs taxed and allowed at three dollars and seventy-five cents, etc.

At the December term, 1868, the respondent was tried by jury, who, on proof introduced by the prosecution of selling intoxicating liquors, at Bennington, in the county of Bennington, where respondent kept a grocery, returned a verdict of guilty of eighteen offenses of selling intoxicating liquors. After verdict, and before judgment, the respondent's attorney filed a motion in arrest of judgment, assigning causes as follows:

" 1. That said complaint lays no special venue as to where the offense charged was committed, nor does it appear by said complaint that said supposed offense was committed within the county of Bennington.

" 2. That no definite or sufficient time is alleged at which, or within which, any offense was committed by this respondent, except ' on or about the 2d day of January, 1867.'

" 3. That by the copy of justice's record of proceedings had on the said complaint, wherein this respondent pleaded ' not guilty,' it does not appear that this respondent was found guilty, nor convicted of any offence or crime known by the laws of this state, and that no adjudication was had except ' that the respondent be immersed in a fine of twenty dollars.' "

The court, PROUT, J., presiding, overruled, pro forma, said motion, to which the respondent excepted.

*John H. Flagg*, for the respondent.

The complaint is fatally defective in that no special venue is laid, or county named, within which the offense was committed. *Commonwealth* v. *Barnard*, 6 Gray, 488; *State* v. *Cotton*, 4 Foster (N. H.,) 143; *State* v. *Bacon*, 7 Vt., 219; Wharton's Criminal Law, (4th ed.,) § 279.

This defect is not aided by the previous mention of the county in the *caption*. That is merely descriptive of the magistrate and

grand juror, and of their jurisdiction, and not of the offense committed. *State* v. *Gilbert,* 13 Vt., 647 ; *State* v. *Nixon,* 18 Vt., 70 ; *State* v. *Thibeau,* 30 Vt., 100.

So, also, is the complaint fatally defective in the allegation of time, when the offense was committed, viz.: " on or about the 2d day of January, A. D. 1867." Time, thus laid, is indefinite, vague and uncertain, whereas " no indictment whatever can be good, without precisely showing a certain year and day of the material facts alleged in it." 2 Hawk., ch. 25, § 77 ; *State* v. *Bacon,* 7 Vt., 219 ; *State* v. *Baker,* 34 Maine, 52 ; *Commonwealth* v. *Adams,* 1 Gray, 481 ; *Commonwealth* v. *Hutton,* 5 Gray, 89 ; *State* v. *Kennedy,* 36 Vt., 563 ; *State* v. *G. S.,* 1 Tyler, 299.

A motion in arrest of judgment is the proper way for the respondent to avail himself of these defects. Archbold's Criminal Pleadings, 13.

———— for the state.

Venue is essential only upon the question of jurisdiction. If the venue be incorrectly stated, the variance is not fatal, if the offense be proved to have been committed within the jurisdiction of the court. Wharton Crim. Law, § 280 ; *Heikes* v. *Commonwealth,* 26 Penn., 513. In this case the venue is correctly laid in the margin of the complaint ; and that is to be held as the venue for all other matters, when no other is laid. *State Treasurer* v. *Bishop,* 39 Vt., 353.

It is charged, in the body of the complaint, that the offense was committed " at Bennington," and the court will take judicial notice that " Bennington" is in the county of Bennington. 39 Vt., 353. The time when an offense is alleged to have been committed is not in general *material.* The words " or about," in the complaint, should be treated as mere surplusage. *Hampton* v. *State,* 8 Ind., 336 ; *Hardebeck* v. *State,* 10 Ind., 459 ; *Cokely* v. *State,* 4 Iowa, 477 ; (18 vol. U. S. Digest, 413, § 58, § 59) ; *Simmons* v. *Commonwealth,* 1 Rawle, 142 ; (2 vol. U. S. Digest, 530, § 305).

The opinion of the court was delivered by

STEELE, J. It is a fundamental rule of criminal pleading that the material facts must be averred in the complaint or indictment with certainty as to time and place. While, as stated in *State* v. *Cook*, 38 Vt., 438, this rule does not apply to every merely descriptive averment, when its only office is to so qualify the object acted upon as to make it a proper subject of complaint, it is never to be disregarded in alleging the acts complained of. Certainty in averments of time is of more importance than truth, for the proof is not in ordinary cases limited to the day alleged. To constitute a sufficient averment, the year, month and day must be particularly stated, and uncertainty in either of these respects is a defect not cured by verdict. Arch. Cr. Pl., 11, 14. The form provided by statute for complaints upon the liquor law, instead of dispensing with, requires this averment. The act complained of in this case is set forth in the complaint as having been done on *or about* the 2d day of January, A. D. 1867. "On or about the second day" is not a day certain but altogether uncertain. The complaint is therefore insufficient to support a judgment, and the respondent's exceptions are sustained and

Judgment is arrested.