THE STATE OF UTAH, RESPONDENT, v. WILLIAM H. WOOLSEY, APPELLANT.

CRIMINAL STATUTE — REPEAL OF — CONTINUED IN FORCE — SPECIAL PROVISION OF REVISED STATUTES — EFFECT ON PROSECUTION OF OFFENSES COMMITTED BEFORE REPEAL — SEC. 4643, C. L. U. 1888— SECS. 4349 AND 2485, R. S. 1898. CRIMINAL PRACTICE — INFORMA-TION — ALLEGATION OF TIME — NEED NOT BE PRECISE — SECS. 4737 AND 4742, R. S. 1898.

1. *Criminal Statute — Repeal of — Continued in Force — Special Provision of Revised Statutes — Effect on Prosecution of Offenses Committed before Repeal — Sec. 4643, C. L. U. 1888 — Secs. 4359 and 2485, R. S.*

Although Sec. 4643, C. L. U. ·1888, was repealed by Sec. 4359, R. S. 1898, its provisions were continued in force by Sec. 2485, R. S. 1898, as to all offenses committed before the Revised Statutes went into effect, and all penalties incurred thereunder may be enforced the same as if the Revised Statutes had never taken effect.

2. *Criminal Practice — Information — Allegation of Time — Need Not Be Precise — Secs. 4737 and 4742, R. S. 1898.*

Under Secs. 4737 and 4742, R. S. 1898, it is not necessary that the information state the precise time at which the offense is alleged to have been committed. ·

It is not essential under the provisions of Sec. 4811, R. S., 1898 that the accused should be present at the filing and trial of motions and pleas not involving the question of his guilt or innocence on the merits.

(Decided June 1, 1899.)

Appeal from the sixth District Court, Kane County, Hon. W. M. McCarty, *Judge.*

Defendant was convicted of grand larceny. A demurrer was filed in the court below, on two grounds: First, that the facts stated did not constitute a public offense; second, that it does not substantially conform to the requirements of Secs. 4731 and 4732, R. S. 1898, in that it does not allege a day certain on which the offense is alleged to have been committed. The demurrer was overruled by the court below. After conviction and before sentence a motion in arrest of judgment was made on the same grounds as the demurrer. The action of the court in overruling the demurrer and refusing to arrest the judgment is assigned as error.

*Judgment affirmed.*

*E. E. Hoffman, Esq.,* for appellant.

That Sections 4359, 4360, R. S., repeal the third subdivision of Sec. 4643, Comp. L., relating to stealing of cattle where no value is mentioned. Wharton Cr. Pl., Sec. 215 ; 2 Bishop Cr. Pl., Sec. 713 ; *State* v. *Young*, 43 Pac., 881.

. But there can be no judgment unless the law was in force at the time of the indictment and judgment. Suth.

Stat. Const., Sec. 166, p. 224 ; *Hartung* v. *Peo.*, 22 N. Y., 95 ; *Butler* v. *Palmer*, 1 Hill, 324 ; Bishop St. Ct., 181, 183.

As to the sufficiency of the allegation " on or about the 15th day of June, A. D. 1896."

Every indictment must allege a day and a year certain on which the offense was committed, and on or about is insufficient. *U. S.* v. *Winslow*, 3 Sawy., 337 ; 1 Bish. Crim. Law, Sec. 239 ; *Territory* v. *Armijo*, 7 N. M., 571; Heard Crim. Proc., Sec. 70 ; Bishop Crim. Pl., 390, 391, and cases cited ; Rapalye Crim. Pl., Sec. 95 ; *People* v. *Miller*, 12 Cal., 294.

The defendant was not present when his demurrer to the indictment was submitted to the court and overruled. His presence was necessary and can not be waived by himself or his counsel. *Gore* v. *Arkansas*, 5 L. R. A., 834 (see note) ; Rev. St., 4811; *Territory* v. *Day*, 2 Okl., 409 ; *Le Roy* v. *Territory*, 3 Okl., 596 ; *State* v. *Clifton*, 57 Kan., 448 ; *State* v. *Myrick*, 38 Kan., 238 ; *Territory* v. *Lopez*, N. M., 156 ; *Smith* v. *People*, 8 Col., 457 ; *Hopt* v. *Utah*, 4 Sup. Ct. Rep., 204.

*Hon. A. C. Bishop*, Attorney-General, and *William A. Lee*, Deputy Attorney-General, for respondent.

Under the third subdivision of Sec. 4643, C. L., the doing of any one of a series of acts therein mentioned, constituted grand larceny, and by the change made in the Revised Statutes, the doing of any one of these acts was reduced to the grade of petit larceny. Section 2485, R. S., reads as follows:

" No offense committed, and no penalty or forfeiture incurred under any statute hereby repealed, and before the repeal takes effect, shall be affected by the repeal, except that where the punishment, penalty, or forfeiture,

is mitigated by the provisions herein contained, such provisions shall be applied to a judgment to be pronounced after the repeal." *People* v. *Idaho Bill*, 2 Utah, 326.

As to the point that the allegation in the indictment as to time is not sufficient when demurred to, we call attention to Sec. 4737, R. S.

The expression " on or about the 15th day of June " is one in common use and of common understanding. While the indictment is rather loosely drawn in this respect, and would not be considered good at the common law, it would seem under the above statute, to be sufficient. Time is not of the essence of the offense, and, therefore, a day certain need not be alleged. *State* v. *Swayne*, 97 Carolina, 462 ; *State* v. *Davis*, 6 Paxt. (Tenn.), 605; *State* v. *Gibbs*, 6 Paxt. (Tenn.), 238.

An indictment alleging that the offense was committed " on or about " a day named has been held to be sufficient under statutes similar to ours. *State* v. *Thompson* (Mont.), 27 Pac., 350, and cases cited ; *People* v. *Aro.*, 6 Cal., 207 ; *Farrell* v. *State*, 45 Ind., 371 ; *Hardibeck* v. *State*, 10 Ind., 459 ; *Hampton* v. *State*, 8 Ind., 337 ; *Coakley* v. *State*, 4 Iowa, 474 ; *State* v. *Mc Nichol*, 34 Tex., 676 ; *State* v. *Hill*, 34 Tex., 623 ; *State* v. *Elliott*, 34 Tex., 148; *Fish* v. *Manning*, 31 Fed. Rep., 340.

Mr. Bishop, in his work on Criminal Procedure, in discussing this question, lays down the following rule:

"If we look upon all the cases as correctly decided, they furnish no absolutely uniform rule as to whether or not the prisoner must be present at the hearing of a motion. But if it relates to a mere matter of law, or if in any other form a question simply of law is agitated, the better doctrine both in reason and authority is, that he may be absent at the argument unless the court sees fit to require his presence."

1 Bishop's New Criminal Precedure, Sec. 269, citing *Schwab* v. *Berggren*, 143 U. S., 442, 449 ; *S.* v. *Jefcoat*, 20 S. C., 383, 386 ; *Miller* v. *S.*, 29 Neb., 437 ; *Griffin* v. *S.*, 34 Ohio St., 299 ; *Fielden* v. *Illinois*, 143 U. S., 452 ; *Territory* v. *Gay*, 2 Dak., 125 ; Ex Parte Waterman, 33 Fed., 29 ; *Epps* v. *S.*, 102 Ind., 539 ; *Christ* v. *P.*, 3 Colo., 394 ; *P.* v. *Vail*, 6 Abb. N. Cas., 206, 57 How. Pr., 81 ; *S.* v. *Paylor*, 89 N. C., 539 ; *Long* v. *S.*, 52 Mississ., 23 ; *Kelly* v. *S.*, 3 Sm. and M., 518, 528; *Lewell* v. *C.*, 22 Pa., 94, 101; *P.* v. *Galvin*, 9 Cal., 115.

BASKIN, J.

The defendant, William H. Woolsey, was convicted of grand larceny on the 2d day of December, 1898, and was sentenced to the penitentiary for a term of one year.

The defendant demurred to the indictment on two grounds: "1st. That the facts stated do not constitute a public offense. 2d. That it does not substantially conform to the requirements of section forty-seven hundred thirty-one and forty-seven hundred thirty-two, in this: that it does not allege a day certain on which the offense is alleged to have been committed."

The demurrer was overruled by the court below. Before sentence a motion in arrest of judgment was made on the same grounds as the demurrer.

The action of the trial court in overruling the demurrer and refusing to arrest judgment was excepted to, and is assigned as error.

The defendant is accused, in the indictment, of grand larceny, alleged therein to have been committed as follows:

"The said William H. Woolsey did on or about the 15th day of June, 1896, at the county of Kane and the

State of Utah, feloniously steal, take, carry, and drive away a certain steer, the personal property of Niels C. Larson, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Utah.''

The value of the steer alleged to have been stolen is not alleged in the indictment. By the provisions of subdivision 3, of Sec. 4643, C. L. U. 1888, the stealing of a steer was grand larceny. This section continued to be in force until the Revised Statutes went into effect, which was on the 1st day of January, 1898. The provisions of Sec. 4359 of the Rev. Stat. are as follows: '' Grand larceny is larceny committed in either of the following cases: 1. When the property taken is of the value exceeding fifty dollars. 2. When the property is taken from the person of another.''

It was conceded in the argument that no evidence was adduced at the trial on the question of the value of the steer.

The first ground of the demurrer and motion in arrest of judgment is based upon the foregoing facts.

Defendant's counsel claim that Sec. 4643 of the Comp. Laws of 1888, was repealed by Sec. 4359 of the Revised Statutes, and that therefore the conviction of the defendant for grand larceny, in the absence of the allegation in the indictment, and proof at the trial, that the steer alleged to have been stolen was worth over fifty dollars, is illegal.

This would be so if it were not for the provisions of Sec. 2485 of the Revised Statutes, which are as follows:

'' No offense committed, and no penalty or forfeiture incurred under any statute hereby repealed and before the repeal takes effect, shall be affected by the repeal, except

that when a punishment, penalty, or forfeiture is mitigated by the provisions herein contained, such provisions shall be applied to a judgment to be pronounced after the repeal."

The punishment for the crime of grand larceny is not mitigated by any of the provisions of the Revised Statutes. It is clear that Sec. 4643 of the Comp. Laws is still in force in regard to all offenses of grand larceny committed before the Revised Statutes went into effect, and the penalties incurred by such commission can be enforced the same as though the Revised Statutes had no existence.

The indictment charges the offense to have been committed on or about the 15th day of June, 1896. The second ground of the demurrer is that a certain day should have been alleged.

The rule of the common law which required that the indictment should state definitely the day on which the offense charged was committed, has been modified by some decisions, and in many instances by statutes.

Sec. 4737 of the Rev. Stat. of this State provides that "The precise time at which the offense shall have been committed need not be stated in the information or indictment, but it may be alleged to have been committed at any time before the filing thereof, if an information; or, if an indictment, before the finding thereof, except where the time is a material ingredient in the offense."

Under the same provision, by statute, in many of the States of the Union, it has been held that where time is not one of the constituent elements of the crime charged, it may be alleged in the indictment to have been committed on or about a day named therein. *State* v. *Thompson,* 10 Mont., 549; *State* v. *Williams,* 16 Neb., 658; *Rawson* v. *State,* 19 Conn., 292–294; *People* v. *Aro,* 6

Cal., 207; *Farrell* v. *State*, 45 Ind., 371; *Hardibeck* v. *State*, 10 Ind., 459; *Hampton* v. *State*, 8 Ind., 337; *Coakley* v. *State*, 4 Iowa, 474; *State* v. *McNichol*, 34 Tex., 676; *State* v. *Hill*, 34 Tex., 623; *State* v. *Elliott*, 34 Tex., 148; *Fish* v. *Manning*, 31 Fed. Rep., 340.

While at common law the time of the offense must always be alleged, yet where time does not constitute an element of the offense, the prosecution is not required to prove that it was committed on the day stated; but proof of its commission, at any time before the indictment is found, and the statute of limitation has barred a prosecution, is sufficient. So that the requirement, at common law, that the indictment must definitely allege the time of the offense, is mere form. 1 Bish. Crim. Proc., Sec. 386, and notes.

Section 4742, Revised Statutes of this State provides that "No information or indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of a defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon the merits."

In view of the provisions of the Revised Statutes, neither the demurrer nor the motion in arrest of judgment is tenable.

The further objection is made for the first time in this court, by the defendant, that the judgment is erroneous because the record does not show that the defendant was present at the time the court overruled his demurrer to the indictment.

Section 4811, Rev. Stat., provides that, "If the prosecution is for a felony, the defendant must be personally present at the trial."

While there is some conflict of authority upon the question, there is a great preponderance in favor of the propo-

sition that under such provisions the absence of the accused at the hearing and decision of a motion for a change of venue or continuance of the case, at the hearing and decision on motion in arrest of judgment, or at the hearing and decision of a demurrer to the indictment, will not vitiate the judgment in a case of felony; that "it is not essential that the accused should be present at the filing and trial of motions and pleas not involving the question of guilt or innocence on the merits." *State* v. *Sonsulin*, 38 La. An., 450; *Miller* v. *State*, 29 Neb., 437–440; *Epps* v. *State*, 102 Ind., 541; *Commonwealth* v. *Castello*, 121 Mass., 371 ; *People* v. *Ormsby*, 48 Mich., 494 ; *Boswell* v. *State*, 20 Grat., 860 ; *Territory* v. *Gay*, 23 Dak., 125–148; *Christ* v. *People*, 3 Colo., 394; Bish. New Crim. Proc., Sec. 269; *Schwab* v. *Berggren*, 143 U. S., 442, 449; *S.* v. *Jefcoat*, 20 S. C., 383, 386; *Griffin* v. *State*, 34 Ohio St., 299; *Ex parte* Waterman, 33 Fed. Rep., 29; *People* v. *Vail*, 6 Abbotts N. Cas., 206; *State* v. *Taylor*, 89 N. C., 539; *Long* v. *State*, 52 Miss., 23; *Kelly* v. *State*, 3 Sm. & Mar., 518; *Lewell* v. *Commonwealth*, 22 Pa. St., 94; *People* v. *Galvin*, 9 Cal., 115.

The judgment of the lower court is affirmed.

BARTCH, C. J., concurs.

MINER, J., dissents.