JIM MORGAN, *alias* STEPHNEY PORTER, PLAINTIFF IN ER-ROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A date upon which the alleged crime was committed must be alleged in the indictment with definiteness and certainty whether such specific date be proved at the trial or not.

2. Charging that the offense was committed "on or about" a certain day is indefinite and uncertain and is fatal upon motion in arrest of judgment.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hamilton County.

The facts in the case are stated in the opinion of the Court.

*Roberson & Small,* for Plaintiff in Error.

No appearance for Defendant in Error.

PARKHILL, J.   The plaintiff in error, who will be called the defendant elsewhere in this opinion, was indicted by the grand jury of Hamilton county on the 19th day of July, 1905, for the crime of assault with intent to rape.   The defendant entered a plea of not guilty, was tried and convicted, and then made a motion in arrest of judgment because:   "1st. The indictment in said cause does not allege the offense named therein to have been committed on any particular date.

2nd. There is no date in the indictment on which defendant is charged to have committed the offense named therein."

The offense was said to have been committed "on or about the 27th day of June, A. D. 1905."

The assignment of error is that the court erred in overruling defendant's motion in arrest of judgemnt, and it is contended here by the plaintiff in error that the indictment should charge the offense to have been committed on some day certain; and that the indictment fails to so charge when it is alleged therein that the crime was committed "on or about the 27th day of June, A. D. 1905."

At common law an indictment must state the day, month and year in which the offense is supposed to have been committed.   Clark's Crim. Proc. 237; 1   Bishop's New Crim. Proc. Sec. 587.

The indictment must aver the date positively, it cannot be determined by inference, and it   must set   forth some particular day within the   statute of   limitations. Hughes Crim. Law & Proc. Sec. 2730.

An allegation that the offense was committed "on or about" a day named is, by the common law, insufficient. Bishop's New Cr. Proc. Sec. 390; Hughes Crim. Law & Proc. Sec. 2725; United States v. Winslow, 3 Sawyer 337,

7 S. C.

Fed. Cas. No. 16742; United States v. Crittenden, Hemst. 61, Fed. Cas. No. 14890a. And an indictment which avers that the offense was committed "on or about" a day named is bad on motion in arrest of judgment. State v. O'Keefe. 41 Vt. 691; Territory v. Armijo, 7 New Mex. 571, 37 Pac. Rep. 1117; Mau-zau-man-ne-kah v. United States, 1 Pinn. (Wis.) 124.

In some States, says Bishop, statutes justify the allegation that the offense was committed "on or about" a day named, and without statutory aid in Connecticut this form is accepted by the courts. Bishop's New Crim. Proc. Sec. 390. There are statutes which provide that the precise time at which an offense was committed need not be stated in the indictment. In States where these statutes have been enacted the courts have recognized the rule of the common law to be as stated by Bishop, and have distinctly said that their statutes changed or modified the common law. For declarations of this kind see United States v. Conrad, 59 Fed. Rep. 458, text 461; State v. Williams, 13 Wash. 335, text 338, 43 Pac. Rep. 15; State v. Littlefield, 5 Cal. 355; State v. McDonald, 16 South. Dak. 78, 91 N. W. Rep. 447; State v. Woosley, 19 Utah 486, text 492, 57 Pac. Rep. 426.

By statutory enactment the common law is in force in this State. Section 2369 Revised Statutes of 1892, is as follows: "The common law of England in relation to crimes, except so far as the same relates to the modes and degrees of punishment, shall be of full force in the State where there is no existing provision by statute on the subject."

We have no statute changing the rule of the common law requiring that the indictment must set forth some particular day on which the offense is supposed to have been committed, and this court cannot legislate upon

VOL. 51, JANUARY TERM, 1906.        79

Morgan, alias Porter, v. The State of Florida—Opinion of Court.

this subject.   It is our duty not to make the law but to declare and administer it as we find it.

Some courts have held that the allegation "on or about" is a sufficient statement of the time of the commission of an offense because the averment of time in an indictment is a matter of form, not generally material. In the case of Dickson v. State, 20 Fla. 800, we held that "the allegation of the time or date of the commission of the offense is one of substance and not of form.   A mistake in such allegations is not susceptible of amendment."   In the case of Drummond v. State, 4 Tex. App. 150, the court, overruling the case of State v. Elliot, 34 Tex. 148, held that "the allegation of the time or date of the commission of the offense is an allegation of a substantive, and not one of a formal nature, whereupon, a mistake in that allegation, though obviously clerical, is not susceptible of amendment."   We have held that the indictment must state the day on which the offense was committed.   Chandler v. State, 25 Fla. 727, 6 South. Rep. 768.   In Whatley v. State, 46 Fla. 145, 35 South. Rep. 80, this court quoted approvingly from Commonwealth v. Maloney, 112 Mass. 283, as follows: "It is true that generally in criminal prosecutions it is not necessary that the precise time alleged should be proved.   But every indictment or complaint must allege a precise day, and the time alleged must be such that the record will show that an offense has been committed."

In Alexander v. State, 40 Fla. 213, 23 South. Rep. 536 we said: "The authorities all agree, however, that while some date or time must generally be stated in the indictment upon which the offense was committed, yet such time need not be stated accurately, except in those cases where the allegation of the precise time is material; and the time alleged must be prior to the finding of the indict-

ment and within the period when the offense would be barred by limitation; and a different time may be shown at the trial, and it will be sufficient to sustain a conviction if such proof shows the offense to have been committed at any time prior to the indictment, and within the bar of the statute, except in cases where the exact time enters into the nature of the offense." What was there meant by saying that "such time need not be stated accurately" was that the true time need not be stated, that some day must be stated but the day stated may not in fact be the day of the commission of the offense. For, as was said in Clark's Crim. Proc. p. 238, which was cited by the court: "Generally, as we shall see, the time when the offense was committed need not be accurately stated." In that case the crime was charged to have been committed on the 5th day of September, A. D. 1897, and the decision of the court was upon the proof of time and not upon the allegation of time, so the language of the court that "time need not be stated accurately" had reference to the accuracy of the proofs of the time alleged and not to the allegation of the time, since the allegation as to time was accurate.

If it appears illogical to hold that the precise day must be stated in the indictment, but that the offense may be proved to have been committed on any other day not so remote that the statue of limiations would bar the prosecution, it is sufficient to say that it was so at common law. "A time," says Clark, "must always be stated at common law, but any time before the finding of the indictment and within the period of limitation may be given and a different time may be shown at the trial." Clark's Crim. Proc. 238. The indictment should allege a day certain to show that the prosecution is not barred by the statute of limitations. United States v. Winslow,

*supra.* This rigid rule of common law has been abrogated in England by statute 14 and 15 Victoria, and it has been thought necessary to change the common law in this respect by statutes in many of the States of our Union. We do not feel justified in following the courts of Connecticut in their modification of the common law until our legislature has clearly abrogated the common law rule in the strictness required in alleging the time of the commission of an offense. This question was before this court in the case of Morgan v. State, reported in 13 Fla. 671, and it was there said: "Charging that the offense was committed 'on or about' a certain day has been universally held to be indefinite, and fatal upon demurrer or motion to quash. * * * If no time or place be stated, or if the time or place stated be uncertain or repugnant, the defendant may demur or move in arrest of judgment, for the defect is not cured by verdict. The defendant is moreover entitled to be informed of the time when, and the place where, the offense is alleged to have been committed, in order that he may be enabled to prepare to meet the charge." The court in that case said "what may be the effect upon this point of the statute relating to technicalities in indictments it is unnecessary to determine here; we desire only to call attention to a very loose and dangerous practice."

In arriving at our conclusion herein we have not overlooked the provisions of section 2893 Revised Statutes of 1892, which provides that "no indictment shall be quashed or judgment be arrested or new trial be granted on account of any defect in the form of the indictment or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment shall be so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of

his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offence." We do not think that this statute abrogates the common law rule in force here that a date upon .which the alleged crime was committed must be alleged in the indictment with definiteness and certainty whether such specific date be proved at the trial or not.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

TAYLOR and HOCKER, JJ., concur; WHITFIELD, J., concurs in the opinion.

SHACKLEFORD, C. J., and COCKRELL, J., dissent, holding that section 2893 has changed the common law rule.