## THE PEOPLE v. KELLY.

Under our statute, an indictment for murder need not state the time when the crime was committed, except that it was before the finding of the indictment, and within one year and a day before death ensued from the wound or assault.

The two hundred and seventy-third section of the Criminal Code, directing that where the accused is indicted under a wrong name, and he gives his true name when arraigned, it shall be so entered on the minutes, and the prisoner tried under his true name, is not in violation of article I, section 8, of the Constitution.

The Constitution directs that the accused shall be presented by indictment, not the accused by his true name, but the person himself, leaving the precise form or words to be determined by the Legislature.

Under our statute, the only object of a name in the indictment, is to identify the party, and in this respect there is no difference between a Christian name and a surname.

APPEAL from the District Court of the Sixth Judicial District.

The defendant was indicted for murder, under the name of "Stewart Kelly," by the grand jury of El Dorado county. On his arraignment he declared his true name to be William Stewart Kelly, which name was ordered to be inserted in the record. The indictment accuses the defendant, and two others, in the usual formal language, of committing the crime, by assaulting and wounding one Howe, on the —— day of ——, 1855, by shooting him with a gun, inflicting a wound, of which said Howe instantly died. On motion of defendant, the venue was changed to Sacramento county, where the cause was tried. Defendant was convicted, and appealed.

*Edwards & English* for Appellant.

1. Our statute authorizes no substantial relaxation of the strictness formerly required in criminal pleadings. Except in matters of form, no departure from the ancient practice was intended. The provisions of the statute and the rules of the common law are substantially the same. Compiled Laws, § 453, pp. 237, 239; ibid., § 454, pp. 244–5–6; ibid., § 459, p. 283; ibid., § 479, p. 442; 5 Bacon's Abr., 68, 70, 72, 79, 80; 2 Hal. Hist., P. C., 179.

The omission of the day and month of the commission of the offence is fatal to the indictment, both at common law and under the statute. 1 Chit. Cr. L., 219–20; Lester *v.* The State, 9 Mo. R., 666; Erwin *v.* The State, 13 Mo. R., 306.

2. The prosecution against *William Stewart Kelly*, upon the indictment against *Stewart Kelly*, without reference in the subsequent proceedings to the name in the indictment, and without the averment of any excuse for not giving the true name, was erroneous. Compiled Laws, § 454, p. 246; ibid., § 458, pp. 273–4; Rex *v.* Walker, 3 Comp. R., 264; Rex *v.* ——, 1 Russ. & Ryan, 485; Rex *v.* Robinson, 1 Holt, 595; 1 Chit. Cr. L., 202; 5 Johns. R., 84.

If sections 273 and 274, which have been cited, are to be construed adversely to our posisions, then we insist that they are wholly unconstitutional. We argue that the defendant could only have been lawfully tried upon an indictment regularly found by a grand jury, and, as found by them, that it could not be amended, either in fact or in effect, by any order or orders of the Court; and that if it has been amended, either directly or indirectly, then the defendant has been tried upon an indictment different from that found against him. State Const., Art. I, § 8.

The doctrine of an *alias dictus* cannot be invoked; for it has no application to a Christian name, and the prosecution is to be held strictly to the name in the indictment. 1 Chit. Cr. L., 202–3; The State *v.* McBride, 16 Mo. R., 239.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The defendant was indicted by the name of Stewart Kelly. On the

arraignment the Court instructed him, that if he was not indicted by his true name, he might then give it, which he accordingly did, as William Stewart Kelly. This name was entered upon the minutes of the Court, in conformity with the two hundred and seventy-third section of the Criminal Code, (Comp. Laws, 246.)

It is contended that the indictment is wholly insufficient—first, because no time or express day is laid on which the offence was committed. It is not necessary, under our statute, that the precise day should be stated, except where time is a material ingredient of the offence. At common law it was necessary that more certainty should be observed, for a reason which does not exist at the present day, viz.: to ascertain on what day a forfeiture, if any, occurred; but in cases of murder, in which the Statute of Limitation does not bar the prosecution, it will be sufficient, at least under the Criminal Code of this State, if it appear that the crime was committed before the finding of the indictment, and that the death happened within a year and a day from the commission of the assault or inflicting the wound. It is said that the allegation of time is requisite to ascertain the day of the death, and also to enable the prisoner to prepare his defence. In reply, it may be asked, with much pertinence, how the prisoner is to be benefited by such allegation, when it is admitted that the prosecution would not be confined to the precise day, as laid.

The statute provides that the indictment shall be sufficient if it shall appear that it was found after the crime was perpetrated. In this case it is charged that the murder was committed in the year A. D. 1855, before the finding of the indictment, in the county of El Dorado, etc., and that the deceased then and there instantly did die. Upon this point we are clear that the allegations are sufficient.

The second error assigned is, that the defendant was indicted by the wrong name, "Stewart" being his middle name, and in law no part of his name, in fact. At the present day names are but sounds to designate particular individuals, although there is no doubt but anciently they conveyed a distinct meaning. Formerly it was held that the surname need not be stated, and the Christian name was required to be stated, out of regard for the religious ceremony of baptism. A person having received a name at his baptism, was not at liberty to change it; and, although he might assume another at his confirmation, still this did not dispense with the first: hence it was held that the Christian name must, in all cases when known, be stated.

There was another rule, however, allowing a party to be indicted as unknown, as well as to permit a party to be designated by any name; and if on the trial, it appeared that the name by which the party was indicted was not his true name, but that he was commonly known by such name, it was held not to be error.

The older law books are full of refined distinctions on the subject of misnomer, but it is perhaps only necessary to state that the same religious reasons arising from the performance of a Christian ceremony or duty, which induced the rigid adherence to this rule in England, are

not recognized by any law existing in the United States; that they are part of a system which has never been adopted by us; and, second, that even at common law, misnomer could only be taken advantage of by plea in abatement—the effect of which was simply to remand the prisoner until another indictment was found, and was cured by pleading over, or verdict..

Our statute has evidently attempted to avoid the delay and expense necessarily attending the old system, by allowing the true name to be substituted on the trial, and the case to proceed in the name so given; and in this innovation, we think, the Legislature has displayed great wisdom.

It is contended, however, that the proceedings in this case were not had in conformity with the statute. If such is the fact, it does not appear from the record. In this connection it is proper to state, that no evidence or instructions have been sent up, and, for aught we know, it may have appeared on the trial that " Stewart Kelly " was the name by which the prisoner was commonly known, and that the Court properly instructed the jury upon such evidence.

But it is contended that the two hundred and seventy-third section, before referred to, is unconstitutional; in other words, that the accused was entitled to a presentment by a grand jury before he could be legally put on his trial; that an indictment against " Stewart Kelly " is not an indictment against " Wm. Stewart Kelly," and that in ordering the true name to be inserted upon the minutes, the Court altered the indictment in a material part, and the defendant was arraigned and tried practically upon an indictment found by the Court. In the first place, the indictment was not altered, but the proceeding was made to conform to the proof, precisely as it would have been competent, had a party failed to plead in abatement, and his true name been disclosed upon the trial. Admitting that the section is unconstitutional, the defendant has failed to take advantage of the misnomer, by plea in abatement, and under the rule before stated, is concluded. But we are satisfied that the section is not unconstitutional. As before stated, names are but sounds to designate particular individuals, and, as such, are employed to describe the person charged with the crime. That clause of the Constitution which provides that no citizen shall be held to answer any criminal charge, except upon a presentment by a grand jury, was intended to provide that the individual charged should be first indicted, not (by the language of the section) by his true name, but the party shall be indicted or presented by a grand jury, and the use of the name is only designed to identify the person. Of what consequence is it, at the present day, whether the accused be charged by one name or another, except to. identify his person, unless it be that he may not be put on his trial a second time, by a different name, for the same offence, a consequence which is easily avoided by plea, or giving his true name on his arraignment.

The Constitution directs that the accused should be presented by indictment; not the accused by his true name, but the party or person

himself. As to what shall constitute matter of abatement, or the form or precise words of the indictment, the Legislature are wisely left to determine. Take, as an example, the present case. The prisoner was in custody; the grand jury attempted to, and did indict *him*. There is no pretence that he and Wm. Stewart Kelly are not one and the same. So far, then, as the individual is concerned, he has no cause of complaint; for he cannot deny that he has been indicted, although by a wrong name, which the law declares shall not vitiate the indictment.

The affidavit for a continuance was insufficient, and the application properly denied.

Judgment affirmed, and the Court below directed to carry the sentence into execution.