Nov. Term,
1856.

HAMPTON
v.
THE STATE.

(1) *Ante*, 147.

---

## HAMPTON *v.* THE STATE.

An indictment cannot be quashed under the statute of 1852 for the reason that the time when the offense is stated to have been committed is given in figures instead of words.

At common law it was necessary to state in an indictment a time when the offense was committed; but, in general, a variance in proof from the time stated was immaterial.

The statute of 1852 does not change the common law rule: it does not dispense with the statement of a time, but the time stated need not be the precise time proved.

In this case the indictment charged that the offense was committed "on or about the 30th day of *December*." *Held*, that the words "or about" were immaterial, and mere surplusage, making no difference in the proof required, nor working any prejudice to the rights of the defendant.

*Semble*, that it was never necessary that the allegation should be more certain as to time than the proof.

In describing a counterfeit bank note, it is not necessary to set out the ornamental devices, but only the substantial parts of the instrument, which would, if genuine, make it a valid note.

*Tuesday,*
*December 9.*

APPEAL from the *Hendricks* Circuit Court.

GOOKINS, J.—The appellant was indicted in the *Hendricks* Circuit Court for forgery in passing a counterfeit bank note. A motion to quash the indictment was overruled, and upon not guilty pleaded, the defendant was tried and convicted, and sentenced to the State's prison.

Two objections are taken to the indictment. One is, that the time at which the offense is stated to have been committed is given in figures instead of words. In sup-

port of this position the appellant cites *Finch* v. *The State*, 6 Blackf. 533, and *The State* v. *Voshall*, 4 Ind. R. 589. In the latest of these cases the indictment was found before the R. S. 1852 were in force. These statutes, vol. 2, p. 368, s. 61, provide that no indictment shall be quashed for the reason that dates and numbers are represented by figures.

Another objection is, that the offense is alleged to have been committed "on or about the 30th day of *December*," &c.

At common law it was necessary to state in an indictment a time when the offense was committed, but in general, a variance in proof from the time stated was immaterial. Arch. Cr. Pl. 34, 35.

The 2 R. S. p. 367, s. 56, provides that the precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient of the offense. This does not change the common law rule as above stated. It does not dispense with the stating of a time, but it need not be the precise time proved.

The same statute, s. 61, provides that no indictment or information may be quashed for certain defects enumerated, concluding with,—"nor any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant on the merits."

We cannot imagine any words less material than those here complained of, and we are inclined to regard them, under this statute, as mere surplusage. They could have made no difference in the proof required, and could in no way have prejudiced the defendant's rights, so far as we can perceive.

It may be said that if an offense were laid at a time not more than one day within the statute of limitations, and the words "on or about" were employed, it would not certainly appear that it was not barred. This would be entitled to weight if the allegation could in any de-

gree affect the proof. It is as easy to allege a day certain, just within the period of limitation, and so put the party to his defense, as to say "on or about;" nor can we readily perceive why it was ever necessary that the allegation should have been more certain as to time than the proof. If this provision of the statute can possibly apply to any case, it must, we think, apply here. It is imperative: no indictment may (which here means shall) be quashed for any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits.

The motion to quash the indictment, and that in arrest of judgment, based upon the same objections, were properly overruled.

On the trial an exception was taken to the admission of evidence on the ground of variance. The indictment professed to set out in words and figures a note purporting to have been issued by the bank of *Geauga*, in the State of *Ohio*, for the payment of two dollars to the bearer. The instrument offered in evidence had the word "two" in small letters twelve times repeated in the upper margin, and also a figure 2 occupying the place of the vignette, not shown in the indictment. In all other respects it was correctly set forth. This was no variance. In describing a counterfeit bank note, it is not necessary to set out the ornamental devices, but only all the substantial parts of the instrument. The number, letter, date, and other parts which would if genuine make the instrument a valid note, must be stated correctly, where the pleader professes to give the tenor of the instrument. This having been done, it was properly admitted in evidence.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave* and *J. Witherow*, for the appellant (1).

*D. C. Chipman*, for the State.

───────────

(1) Counsel for the appellant cited the following authorities:

The day and year when an offense is charged to have been committed should be expressed in the indictment at full length, and not in figures.

*The State* v. *Voshall*, 4 Ind. R. 589; *Finch* v. *The State*, 6 Blackf. 533; 1 Chit. Cr. L. 176.

The indictment must be certain as to time and place, that is, every material fact stated in it must be alleged to have been done on a particular day, and at a particular place. Arch. Cr. Pl. 10th ed. 46; *Rosenbaum* v. *The State*, 4 Ind. R. 599.

Touching the description of the bank note,—*Rex* v. *Powell*, 2 East P. C. 976; *id.* 961; Arch. Cr. Pl. 10th ed. 124; *id.* 46.

Nov. Term,
1856.