## HARDEBECK *v.* THE STATE.

$\begin{array}{cc} 10 & 459 \\ 162 & 33 \end{array}$

An information charging that an offense was committed *on or about* a certain day, is not bad for not alleging the offense to have been committed on a day certain. The words *or about*, are surplusage.

The information in this case charges several persons, naming them all, with a riot. They took their trial separately. Upon the trial of the appellant, the Court instructed the jury that if the defendant and more than one *other person* entered the house, &c., he must be found guilty. *Held*, that this was error.

APPEAL from the *Decatur* Court of Common Pleas.

DAVISON, J. — The information in this case charges that, on or about the 26th of *January*, 1857, *Bernard Hardebeck*, *Gerard Rhule*, *Gregory Starbuck*, *Casper Suhre*, *Matthias Wortz*, *Conrad Ditchler*, *Francis Reidleman* and *John Suhre*, in a riotous, tumultuous, violent and unlawful manner, entered the dwelling house of *Peter Krench*, and then and there destroyed his property, &c. The defendants, sever- ally, moved to quash the information; but their motions were overruled, and thereupon the Court, at their instance, allowed them separate trials. *Hardebeck*, being arraigned, &c., pleaded not guilty. There was a verdict for the state, upon which the Court, having refused a new trial, rendered judgment.

The information is said to be defective, because it does not allege the offense to have been committed on a day cer- tain. Its language is, "*on or about* the 26th of *January*, 1857." *Hampton* v. *The State*, 8 Ind. R. 336, is precisely

May Term,
1858.

The North-
ern Indiana
Railr'd Co.
v.
Martin.

in point. There the indictment charged that the offense was committed *on or about* the 30th day of *December*. *Held*, that that charge did not render the indictment invalid; that the words *or about* were immaterial and mere surplusage.

The Court, upon the plaintiff's motion, charged the jury as follows: " If you find that *Bernard Hardebeck* and more than one other person entered the house of *Peter Krench*, the prosecuting witness, without his consent, in a violent manner, and made a great noise in the house, you must find the defendant guilty." This instruction seems to be erroneous. The information assumes to name all the persons engaged in the riot, and unless two or more of the persons thus named acted jointly with the defendant in entering the house, &c., he could not be guilty. But under the instruction, the jury were authorized to convict him, though the persons with whom he acted were not charged in the information. The charge may have misled the jury.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. Gavin* and *O. B. Hord*, for the appellant.

*J. S. Scobey* and *W. Cumback* for the state.

