## THE STATE V. SAM. ELLIOT.

1. An indictment (for an infraction of the estray laws) laid the time of the offense as "on or about" a certain day. *Held*, in view of the provisions of our code, that this averment is sufficiently certain and specific. (Paschal's Digest, articles 1611, 2491 and 2863.) No distinction is made in the opinion between felonies and misdemeanors, or between capital and other cases.

2. Our statutes have greatly modified many of the irrational rules of the common law ; and one of their most important modifications is the abrogation, by article nine of the Penal Code (Paschal's Digest, article 1611), of the distinction usually made between the construction of penal laws and laws upon other subjects.

3. The averment of time in an indictment is quite uniformly held in this country to be a matter of form, and not generally material ; and it seems that, under our statute (Paschal's Digest, article 2977), it is to be regarded as a matter of form, and amendable as such.

APPEAL from Johnson. Tried below before the Hon. Charles Soward.

The opinion states the case.

*J. G. Boyle*, Assistant Attorney General, for the State.

No brief for the appellee.

OGDEN, J.—The indictment charges that the defendant did, on or about the first day of August, A. D. 1869, take up and use a certain stray horse. On the trial the district attorney moved to strike out the words "or about" before "the first day of August," and to insert instead the words, "to-wit," which motion was overruled by the court, to which ruling the district attorney excepted. The defendant then excepted to the sufficiency of the indictment, because it did not charge the offense to have been committed at any certain time. The court sustained the exceptions and quashed the indictment, and thereupon the district attorney appealed. Article

2977, Paschal's Digest, provides that indictments may be amended whenever defective in matters of form, and the ruling of the district court in this case raises the question whether the averment of time in an indictment is a matter of form, which may be amended under our statute, or whether it is a matter of substance that cannot be amended. It is believed that under the strict rules of the common law the averment of time was not considered, excepting in a few instances, as a material part of the indictment, notwithstanding, for reasons disconnected with the accusation, trial and punishment of offenses, the law required a specific time to be charged. But that rigid rule is greatly modified in England by the statute of 14 and 15 Victoria, which enacts that, " no indictment shall be held insufficient for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense, nor for stating the time imperfectly." In this country it is quite uniformly held that the averment of time in an indictment is a matter of form, and not generally material. (Wharton's American C. L., 261 ; Bishop's C. Prac., 237.)

The learned author of the latter excellent work declares that " the averment of time in an indictment is altogether formal," and the legislatures of some of the States have passed laws declaring that the allegation of time is immaterial in an indictment, and need not be stated. We are therefore of the opinion that the court erred in overruling the motion of the district attorney to amend the indictment.

The rule which requires an indictment to state some particular day on which the offense was committed, had its origin, like most technical and special pleadings, in the common law; and though the reason for that great particularity in the averment of time no longer exists, yet in most of the common law States that rule is still rigidly adhered to; and the pleader in those States, where it is claimed that the law is founded in reason, justice and equity, is forced into the false position and absurd necessity of solemnly

alleging, under oath of himself or the grand jurors, one specific thing or time when the testimony establishes another.   But it is a matter for congratulation, that the tendency of modern legislation is to do away with all technicalities and formalities which embarrass or obstruct the due and speedy administration of law and justice.   There certainly can now be no good reason for re-quiring more certainty in the allegations of, than the proof to sustain an indictment, and especially as it is upon the proof, and not the allegations, that the defendant must be convicted or acquitted.   Chief Justice Church, of Connecticut, in Rawson v. The State, very forcibly remarked in relation to the questions presented in this case, " We do not see that the cause of truth and justice will be promoted by requiring technical niceties of no practical importance, which the force of precedent alone has introduced."   Our statutes have greatly modified many of the harsh and reasonless special rules of the common law, and one of the most important modifications is in the construction of the criminal law of our State.   Article 1611, Paschal's Digest, reads as follows :   " This code, and every other law upon the subject of crime which may be enacted, shall be construed according to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and laws on other subjects ;" while article 2491 provides that " The provisions of this code shall be liberally construed, so as to attain the objects intended by the Legislature—the prevention, suppression and punishment of crime."   Under the common law, penal statutes must be strictly construed against the State or prosecution and in favor of the accused.   The reason for this rule having passed away, or rather having never existed here, the law making power wisely determined to reverse the rule, to the end that the innocent might be protected and the criminal punished. Article 2863, Paschal's Digest, in prescribing the necessary requisites of an indictment, provides that " the time mentioned

must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by the limitation;" and by comparing the averment of time in the indictment in this case with the requirements of the statute, we have no hesitation in coming to the conclusion that the indictment is as specific as the law requires. The allegation of time in the indictment is, " on *or about* the first of August, A. D. 1869." This is deemed as specific as could be truthfully made in most prosecutions; and indeed the indictment asserts the time to be on the first of August, but admits that the proof might establish a day approximating the first. This is the usual allegation of time in civil actions, and has been repeatedly decided to be sufficient, and the statute requires the criminal law to be construed by the same rules as the civil. We are therefore of the opinion that the indictment in this case, as to the averment of time, is as specific as the statute requires, and that the court erred in sustaining the defendant's exceptions. This is the construction placed by the Supreme Court of Indiana upon a statute similar to ours. (Hampton v. The State, 8 Ind., 336, and Hardebeck v. The State, 10 Ind., 459.) A similar construction is placed upon the same averment of time in other States. (5 Cal., 355; The People v. Kelly, 6 Cal., 210; Cockly v. The State, 4 Iowa, 479.)

The judgment of the district court is reversed and the cause remanded for trial.

Reversed and remanded.