### THE STATE VS. HOOVER.

INDICTMENT:

In an indictment, under the act of January 21st, 1875, to protect enclosures, etc., it is sufficient to charge the offense in the language of the act. And, although it would be better to allege, definitely, the day on which the offense was committed, the failure to do so cannot prejudice the substantial rights of the accused, and will not vitiate the indictment.

APPEAL from *Pike* Circuit Court.
Hon. L. J. JOYNER, Circuit Judge.
*Henderson, Attorney General,* for the State.

HARRISON, J.:

Bernard Hoover was indicted in the Pike Circuit Court, under the act of January 21st, 1875, to protect inclosures from trespasses, for a trespass on the inclosed ground of one Kasanah Owens. A demurrer to the indictment was sustained, and the defendant discharged; the State appealed.

The grounds of the demurrer were :

*First*—That the facts charged did not constitute an offense.

*Second*—That they were not stated with sufficient certainty.

The offense is thus charged :

" The said Bernard Hoover, on or about the 15th day of July, A. D. 1876, in the county aforesaid, did willfully and unlawfully pull down the fence of certain inclosed grounds belonging to one Kasanah Owens, without the consent of the said Kasanah Owens, contrary to the statute in such case made and provided, and against," etc.

The State vs. Hoover.

The language of the statute is: "If any person shall ride, range, or hunt, in the inclosed grounds of another, without the consent of the owner previously obtained, or shall pull down or break the fence, or leave open the gate of the farm, plantation, or other inclosed grounds of another, the party so offending shall be guilty of a misdemeanor," etc.

This court has often held that, as a general thing, in an indictment upon a statute, it is sufficient to allege the offense in the terms of the act. In this case the offense is charged in the very words of the statute, and it is impossible to conceive that the defendant might not know of what he was accused ; Gantt's Digest, sec. 1796.

It would have been better, perhaps, as more formal and accurate, to have stated definitely the day on which the offense was committed ; but sec. 1787, ib., says, that "the statement in the indictment as to the time at which the offense was committed, is not material, further than as a statement that it was committed before the time of finding the indictment, except where the time is a material ingredient in the offense."

Such a defect, if it be one, could not tend to the prejudice of the substantial rights of the defendant, for he could not but understand that the offense was alleged to have been committed prior to the finding of the indictment ; secs. 1781 and 1782, ib. The words "or about" should be regarded as surplusage ; 1 Whar. Cr. Law, sec. 622 ; 1 Bish. Cr. Pro., sec. 231 ; *Hampton* v. *The State*, 8 Ind., 336 ; *Hondebeck* v. *The State*, 10 Ind., 459.

The indictment is sufficient, and the demurrer should have been overruled. The judgment of the court below is, therefore, reversed and the cause remanded to it, with instructions to overrule the demurrer to the indictment, and to proceed in the case according to law.