### H. DRUMMOND *v.* THE STATE.

INDICTMENT — AMENDMENT. — The allegation in an indictment of the time or date of the commission of the offense is an allegation of a substantial, and not one of a formal, nature. Wherefore, a mistake in that allegation, though obviously clerical, is not susceptible of amendment. *The State v. Elliot*, 34 Texas, 148, *contra*, overruled.

APPEAL from the District Court of Caldwell. Tried below before the Hon. L. W. MOORE.

The indictment was for theft.

*J. H. Burts* and *L. J. Storey*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. Two of the requisites of an indictment mentioned in the statute are: " 3. It must appear to be the act of the grand jury of the proper county." And, " 6. The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation." Pasc. Dig., art. 2863. Our statutes further provide what exceptions can be made to the substance of an indictment (Pasc. Dig., art. 2954), and what to the form (Pasc. Dig., art. 2955). " When the exception to the indictment or in-

formation is merely on account of form, the same shall be amended, if decided to be defective, and the cause proceed upon such amended indictment or information." Pasc. Dig., art. 2977.

Now, the question presented in the case under consideration is whether the allegation of the time of the commission of an offense in an indictment is matter of substance, or matter of form and liable to amendment. Two cases holding directly opposite views have been decided by our Supreme Court. In the case of *Sanders* v. *The State*, where the district attorney was permitted to amend an indictment by the insertion of the time at which the offense was alleged to have been committed, the court — Bell, J., delivering the opinion — held that " no part of an indictment can be more matter of substance, as distinguished from matter of form, than that part which states the time of the commission of the offense. An indictment may be amended when it is defective on account of form, but where an indictment is defective in substance, the defect cannot be cured by amendment ; and the reason is that the substance of the indictment is the finding of the grand jury, and must be taken as it comes from them ; whereas, the formal part of the bill is supposed to be wholly the work of the officer of the law, and may be amended by him, under the direction of the court." 26 Texas, 119. In the case of *Calvin* v. *The State*, the same learned judge says : " The question is whether or not the counsel or the district attorney and the prisoner, or even the court, can make an alteration in an indictment in a material respect. We think not. The indictment is the sworn declaration of the grand jury, and what they in substance do say must stand as they have said it. The law prescribes the extent to which their finding may be amended. The amendments which are allowed relate to matters of form only, and to the name of the party who is accused. There can be no amendment as

to any declaration of a fact by the grand jury.''    25 Texas, 789.

The opposite doctrine was held by the Supreme Court in the case of *The State* v. *Elliot*, 34 Texas, 148.   The substance of the ruling in that case was '' that the averment of time in an indictment is quite uniformly held, in this country, to be a matter of form, and not generally material; and that under our statute (Pasc. Dig., art. 2977) it is to be regarded as matter of form, and amendable as such.'' In this latter case the court seem to have overlooked, or paid no regard to, the decision in *Sanders* v. *The State*, above quoted, but predicated the opinion upon the common law and decisions of other states.

Our opinion is that *Sanders* v. *The State* enunciates the correct doctrine, and that the allegation of time in an indictment is matter of substance, and not amendable; and, in addition to the reasons given by the court in *Sanders* v. *The State*, we think the statute itself bears us out in this view of the matter.   In prescribing the three rules for exceptions to *the substance* of an indictment,. we find the second ground of exception to be '' that it appears from the indictment or information that a prosecution for the offense is barred by lapse of time; or, that the offense was committed after the finding of the indictment.''   Pasc. Dig., art. 2954.   The intention was, evidently, to hold the time a matter of substance, and not form; and we are satisfied the court, in *The State* v. *Elliot*, must also have overlooked this provision, for we find no reference or allusion to it in that opinion.   In so far as the decision in *The State* v. *Elliot*, 34 Texas, 148, is in conflict with the views as here expressed, it will hereafter be held and considered as overruled.

In the case at bar, the court permitted the county attorney, over objections by defendant, to amend the time averred in the indictment as presented by the grand jury,

by erasing the word " eight," and writing in place of it the word " seven," in the year in which the offense was committed. That is, the year 1878 was changed to 1877. The error in the date may have been, and doubtless was, entirely clerical; still, the principle involved is too important to be made to yield, even in so palpable a case of error as this.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*