THE STATE OF KANSAS v. THOMAS COOPER.

1. INFORMATION; *Amendment; Date of Offense Charged.* Where an information, filed February, 1883, charged in the *past tense* that defendant *did*, in December, 1883, commit an assault with intent to kill, to which information defendant pleaded not guilty, and after a jury had been impaneled and sworn, he objected to the introduction of any testimony, on the ground that the time charged was subsequent to that of the filing of the information, *held*, that the court did not err in permitting the county attorney to amend the information by changing the figure 3 to 2, so as to show a date anterior to that of the filing of the information. Such a change is not one working prejudice to the substantial rights of the defendant.

2. ASSAULT WITH DEADLY WEAPON; *Evidence, Not Preserved.* Under a charge of assault and battery with intent to kill, a defendant may be convicted of a simple assault and battery; and where the information charges such assault and battery with a revolver, and the verdict finds the defendant guilty of assault and battery as charged in the information, and the evidence is not preserved in the record, *held*, that no special instructions having been asked by defendant, it cannot be adjudged that there was such error in the proceedings as to compel a reversal, because the court did not specifically instruct that, under the information charging an assault and battery with a revolver, the defendant could not be convicted of an assault and battery in any other manner.

### *Appeal from Dickinson District Court.*

AT the October Term, 1883, *Thomas Cooper* was convicted of assaulting and beating one Arthur Shadinger, and fined $50 and costs. He appeals. The opinion states the case.

*J. R. Burton,* and *J. H. Mahan,* for appellant.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for The State.

The opinion of the court was delivered by

BREWER, J.: On February 27, 1883, an information was filed charging defendant with the crime of assaulting and beating one Arthur Shadinger with intent to kill. On the trial the defendant was convicted of a simple assault and battery, fined $50 and costs, and therefrom he brings this appeal to this court.

Two questions only require notice:

I. The information, filed as stated February 27, 1883, charged in the past tense that defendant did assault; but further stated that such assault was on the 27th of December, 1883; that is, it alleged in February, 1883, an assault committed in December, 1883, long after the filing of the information, and after the case was called for trial. After the jury had been impaneled and sworn, defendant objected to the admission of any testimony, on the ground that the time stated was after the filing of the information and the time of trial. Thereupon, on motion of the county attor-

ney, the court permitted an amendment of the information so as to charge the offense as committed in December, 1882, instead of December, 1883. The information thus amended was reverified and refiled, and the case proceeded to trial over the objection of defendant. He now contends that the amendment was one in matter of substance, and therefore could not have been made after the impaneling of the jury, and cites many authorities in support of this proposition. Without stopping to inquire what would have been the rule under the old common-law practice, we think under our code the amendment was proper. The practice in this state is governed by a code of criminal procedure, and in many respects varies largely from that which obtained at the common law. (*Madden v. The State*, 1 Kas. 348.) Under the code, the information must contain the title of the action, specifying the name of the court to which the information is presented, the names of the parties, and a statement of the facts constituting the offense in plain and concise language, without repetition. (Comp. Laws 1879, ch. 82, § 103.) It must be direct and certain as regards the party and the offense charged, but the precise time of the commission of an offense need not be stated therein. It is sufficient if shown to be within the statute of limitations, except where the time is an indispensable ingredient in the offense. (Comp. Laws 1879, ch. 82, §§ 104, 105.) The information is sufficient, if it appear therefrom that it was presented by the prosecuting attorney of the county in which the court is held; that the defendant is named therein, or described as a person whose name is unknown to the prosecuting attorney; that the offense was committed within the jurisdiction of the court, or is triable there; that the offense is clearly set forth in clear and concise language, without repetition, with such a degree of certainty that the court may pronounce judgment, upon conviction, according to the right of the case. (Comp. Laws 1879, ch. 82, § 109.)

No information may be quashed or set aside for any of the following defects, among others:

"*Sixth*, For any surplusage or repugnant allegation, when there·is sufficient matter alleged to indicate the crime and person charged; nor, *seventh,* for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." (Comp. Laws 1879, ch. 82, § 110.)

Under this provision, where the information charges in a past tense that an offense has been committed, but names a date subsequent to the date of the information, we think the court may permit an amendment so as to place the date prior to that of the information; and this without trespassing upon the substantial rights of the defendant. See in support generally of the views thus expressed, the following authorities: *The State v. Wister,* 62 Mo. 592; *The State v. Wilcoxen,* 38 id. 370; *The State v. Sam,* 2 Dev. N. C. 567; *Jones v. Commonwealth,* 1 Bush (Ky.), 34; *The State v. Barnett,* 3 Kas. 250. See also *The People v. Kelly,* 6 Cal. 210; *The People v. Littlefield,* 5 id. 355; *Hampton v. The State,* 8 Ind. 336; *Hardebeck v. The State,* 10 id. 459; *The State v. Elliott,* 34 Tex. 148; *The State v. Hoover,* 31 Ark. 676.

II. It is insisted that while a defendant under a charge of an assault and battery with intent to kill may be convicted of a simple assault and battery, yet he may be so convicted only when such assault and battery was committed in the manner and form alleged in the information, and that therefore the court in its instructions should have so limited the action of the jury. As counsel say, if one is charged with an assault with a revolver, and shooting with attempt to kill, he ought not under the information to be convicted of a mere assault by the slapping of hands. Doubtless as a rule this claim of counsel is correct; but if any specific instructions limiting and restricting the action of the jury were necessary, they should have been asked by counsel. Of the general proposition, that under an information charging one crime a defendant may be convicted of a less crime included therein, there can be no question. So the statutes prescribe, and so the court instructed. If any limitation was necessary, a specific instruction to that effect should have been asked. None

such appears to have been asked; and the verdict of the jury that the defendant was guilty of assault and battery as charged in the information, indicates very clearly that none such was demanded by the facts as developed in the trial. The testimony not being preserved in the record, we cannot say that it disclosed a state of facts which called for any specific instructions in this direction. Therefore, no error can be affirmed in the ruling of the court.

These are all the matters requiring special notice, and in them appearing no error, the judgment will be affirmed.

All the Justices concurring.