No. 11,587.

THE STATE *v.* SAMMONS.

CRIMINAL LAW.—*Indictment.*—*Time.*—Under section 1756, R. S. 1881, an indictment is not bad for failure to state a time at which the offence was committed, unless time be of the essence of the offence.

From the Newton Circuit Court.

*F. T. Hord*, Attorney General, *M. H. Walker*, Prosecuting Attorney, and *I. H. Phares*, for the State.

ZOLLARS, J.—An indictment was returned against appellee, which charges him with having sold intoxicating liquors in less quantities than a quart, without a license. The indictment was quashed; the State appeals. The portion of the indictment which charges the time of the sale is as follows: "That one Nicholas Sammons, late of said county, on the 15th day of March, A. D. 188-, at said county," etc. It will be noticed that while the day and month are stated, the year is not stated, unless it be the year, A. D. 188.

We are not favored with a brief on behalf of appellee, nor have counsel for the State rendered us any assistance, except to call our attention to the statutes.

Their contention is that, in cases of this character, under our present statutes, an indictment will not be bad because of a failure to state a time when the offence was committed, nor because of an imperfect statement of such time. The general rule has been, that the indictment should charge a day, month and year, as the time when the crime was committed,

and that in the absence of such charge the indictment will be ill.

This is the rule as we received it from the mother country, and as it has been generally adopted and practiced in the States.

Where time is not of the essence of the offence, it has not been the rule to require proof of the time as charged. In such cases, the time is one of the least important elements necessary to a conviction, and hence it is sufficient to show that the crime was committed before the return of the indictment, and within the period fixed by the statute of limitations, where such limits are fixed. Time is thus more a matter of form in pleading, than of substance.

Mr. Bishop, in his Criminal Procedure, Vol. 1 (2d ed.), sec. 386, says: " The averment of *time* is altogether formal, since it is unnecessary to prove the offence to have been committed at the time alleged in the indictment, unless some time be limited for the prosecution, or time itself be material to the constitution of the offence. These averments, therefore, convey, in general, little information either to the defendant or his judges. It is, nevertheless, a general rule, that the time and place of every material fact must be plainly and consistently alleged; and such a degree of precision does the law exact in this respect, that any uncertainty or incongruity in the description of time and place will vitiate the indictment."

Many of the reasons which led to strictness in criminal pleading and practice have ceased to exist in the changed order of things, and the tendency of the courts and legislatures has been to liberalize, and adopt a less strict and formal procedure, keeping in view, of course, the protection of society, and the safety and liberty of the citizen. With this idea in view, the Legislature passed an act with reference to criminal pleading and practice, one section of which provides as follows: " The precise time of the commission of an offence need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limita-

tions, except where the time is an indispensable ingredient in the offence." 2 R. S. 1876, 384, section 56.

This section, it will be observed, does not dispense with the statement of a time, but only with the precise time of the commission of the offence charged. It is really an enactment into a law of what was the rule before. *Hampton* v. *State*, 8 Ind. 336 ; *Clark* v. *State*, 34 Ind. 436.

In the case last cited, it was held that the day, month, and year should be stated. Mr. Justice WORDEN, in speaking of the above statute, said : " The effect of the statute is the same as if it read as follows : ' The real time of the commission of an offence need not be stated in the indictment ; but it is sufficient if shown *by the proof* to have been within the statute of limitation, except,' " etc. Subsequent rulings are in harmony with this. The statute, with some enlargement, has been carried into the revision as section 1738, R. S. 1881.

Others of the States have adopted similar statutes. The courts of some of those States have held that, notwithstanding the statutes, a day, month and year must be stated in charging an offence ; and others, that it is sufficient to state the year only, or make the general charge in the words of the statute, that the offence was committed before the return of the indictment. *King* v. *State*, 3 Heisk. (Tenn.) 148 ; *People* v. *Kelly*, 6 Cal. 210 ; *Cokely* v. *State*, 4 Ia. 477 ; *Stevenson* v. *State*, 5 Baxter (Tenn.) 681 ; *State* v. *Gibbs*, 6 Baxter (Tenn.) 238 ; *State* v. *Parker*, 5 Lea (Tenn.) 568.

It will be noticed that the section of the statute, above set out, makes an exception when the time is "an indispensable ingredient in the offence." When such is the case, the strictness of the old rules of pleading is not relaxed by that section. But, even as to such cases, the strictness of the old rules is relaxed by the subsequent section 61, 2 R. S. 1876, p. 386, in which it was provided that no indictment shall be quashed for the want of an allegation of the time and place of any material fact, when the venue and time have once been stated in the indictment or information. Thus the law stood until

the revision of 1881, when the above provision was enlarged and carried into it, and another added, upon which counsel for the State rely, and which presents the real question for decision. Section 1756, R. S. 1881, provides as follows: "No indictment or information shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment, or other proceeding be stayed, arrested, or in any manner affected, for any of the following defects: *  *  *  *

"*Eighth.* For omitting to state the time at which the offence was committed in any case in which time is not the essence of the offence; nor for stating the time imperfectly, unless time is of the essence of the offence."

In the time we have been able to give to the investigation we have found no statutes, elsewhere, so broad and comprehensive as this, except section 24 of Ch. 100 of 14 and 15 Vict., set out in 1 Archbold's Criminal Practice and Pleading, p. 260, and the statute of Missouri.

We have found no direct adjudication upon the English statute. Its terms are so comprehensive that there seems to be not much room for construction. It is said by an English writer, in speaking of this statute: " It was usual to state the time when the offence was committed; but now the omission of the statement of time at which the offence was committed, in any case where time is not of the essence of the offence, * * is immaterial." Dearsly Criminal Process, p. 22.

In the case of *State* v. *Stumbo,* 26 Mo. 306, it is said: " The only objection to the indictment is that it omits to state the year in which the offence was committed. This objection is disposed of by the 27th section of article 4 of the act regulating proceedings in criminal cases, (R. C. 1855, p. 1176,) which declares that no indictment shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, ' for omitting to state the time at which the offence was committed in any case where time is not of the essence of the offence.' "

In the case of *State* v. *Wilcoxen,* 38 Mo. 370, no time

was stated in the indictment on which the offence was committed. It was held that the objection was disposed of by the statute. These cases are authority for the construction of our statute, section 1756, if authority be needed.

It can not be said that "the time," as used in this section, has relation to, or means the exact time of, the commission of the offence, as was held in construing section 56 (section 1738, R. S. 1881), *supra*. Here "*the* time" is the same as *a* time. On a motion to quash, the time stated in the indictment is taken as the correct time of the commission of the offence, whether it in fact be so or not. On such a motion the facts stated are admitted to be true, as in the case of a demurrer to a complaint in a civil action. Aside from this rule of practice, there is no way of knowing whether or not the time stated is the correct time, until the evidence shall have been heard.

Any time stated in the indictment will be sufficient as against a motion to quash, if within the statute of limitations. It would be impossible, therefore, to make any question as to the sufficiency of the indictment on a motion to quash, because the correct time is not stated. If no time at all is stated, the question will be raised by a motion to quash. The statute declares that the indictment shall not be quashed because of a failure of a statement as to time. In order to have any intelligent signification in its application to the subject-matter, the section must be construed as providing that no indictment shall be quashed for omitting to state *a* time at which the offence was committed. And thus, in cases where time is not of the essence of the offence, a defendant may be put upon trial without any statement in the indictment of the time when the offence with which he is charged was committed. This is a very radical departure from the settled idea of criminal pleading and practice.

Ordinarily, it will not be a matter of much importance or inconvenience to defendants. As the prosecutor in such cases is not bound by the statement of a time in an indictment, it is

not of much consequence to the defendant, whether or not any time is stated. In cases where there is a limit fixed by statute, within which a prosecution may be commenced, it would be more convenient for the defendant to be apprised, by the statements in the indictment, of the time at which the crime charged was committed. If, by such statement, the offence should be shown to have been committed at a time without that fixed by the statutes of limitations, he might successfully move to quash the indictment. *State* v. *Rust*, 8 Blackf. 195; *Ulmer* v. *State*, 14 Ind. 52; *Hutchinson* v. *State*, 62 Ind. 556. He might thus be saved the trouble and expense of a long litigation, as might also the State.

On the other hand, the defendant is presumed to know of the statutes of limitations, and that he may avail himself of the protection they afford, under his plea of not guilty. *Hatwood* v. *State*, 18 Ind. 492; *Buckner* v. *State*, 56 Ind. 207; *Dickinson* v. *State*, 70 Ind. 247; *Baker* v. *State*, 34 Ind. 104.

The rule has been almost universal in the States, that where there are statutes of limitations, fixing a time within which prosecutions may be commenced, a statement of time should be made in the indictment, so that it may be known whether or not the prosecution is barred. The limit thus fixed has not been held to be of the essence of the offence, but it has been held to be so material, and of so much importance, as to require a specific statement of time in the indictment, even under statutes providing that no time need be stated, except that the offence was committed before the return of the indictment.

The California statute is that the precise time at which the offence was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding of the same, except when it is a material ingredient of the offence. In deciding a case in which this statute was urged, the Supreme Court of that State said: " The object of pleading is to apprise a party of the precise charge made against him, and to enable him to defend him-

self and to avail himself of all his legal rights and privileges. It is generally true that every essential fact must be stated in the indictment; and this means every fact material to the offence of which the party may be convicted; and the allegation of a day within the period of limitation is material, whenever the offence is subject to limitation." *People* v. *Miller*, 12 Cal. 291. See also *People* v. *Kelly*, 6 Cal. 210; *King* v. *State*, 3 Heisk. (Tenn.) 148. Under the English statute, it seems to be usual to state a day and year on which the offence was committed. 6 Cox Criminal Cases, appendix, pp. 3 and 98.

While we hold, then, that under our statute, above set out, it is not necessary in a case like this to state a time at which the crime was committed, time not being of the essence of the offence, we do not feel like encouraging such omission in the practice. It is a very easy matter to state a time at which the offence was committed. On the other hand, it is not so easy to determine in each case whether or not time is of the essence of the offence, or, as stated in section 1738, *supra*, an indispensable ingredient of the offence. See *State* v. *Wise*, 66 N. C. 120.

In the indictment under consideration, it may be said with propriety, that the statement in relation to the time is equivalent to no statement at all, or is a " stating of the time imperfectly." If it be said that the offence is charged as of the year A. D. 188, we know, of course, that neither the State nor the defendant had an existence at that time. See *Serpentine* v. *State*, 1 How. (Miss.) 256.

It is apparent, however, that the statement is an imperfect statement. The figures, and the dash following, clearly indicate that an additional figure was, by oversight, omitted. It is a case, therefore, covered by the statute, and the motion to quash should have been overruled. For the error in sustaining the motion, the judgment is reversed, at the costs of appellee.

Filed April 22, 1884.