The State *v.* Miller.

Filed May 11, 1893.

---

No. 783.

## STATE *v.* MILLER.

CRIMINAL LAW.—*Indictment.*—*Surplusage.*—*Motion to Quash.*—*Imperfect Statement of Time* (*"A. D., 189—"*).—An indictment for malicious trespass was regular in every other particular, except it began as follows: "The grand jurors for Boone county, in the State of Indiana, duly and legally empanneled, charged and sworn in open court, at the November term of the Boone Circuit Court of said State for the year, A. D., 189—, to inquire," etc. The statement that the grand jury was empanneled in the year, "A. D., 189—," being immaterial, may be treated as surplusage, and such imperfect statement will not render the indictment bad on motion to quash.

From the Boone Circuit Court.

*P. H. Dutch,* Prosecuting Attorney, for appellant.

GAVIN, J.—The appellee was indicted for malicious trespass. His motion to quash the indictment was sustained, and he was discharged. From this action of the court the State appeals.

The indictment appears to contain all the requisites of a good indictment, and to be in all things regular, except that it begins as follows:

"The grand jurors for Boone county, in the State of Indiana, duly and legally impanneled, charged and sworn in open court, at the November term of the Boone Circuit Court, of said State, for the year A. D. 189–, to inquire," etc.

Because of the statement that the grand jury was impanneled in the year A. D. "189–;" the indictment was held bad, as we are informed by appellant's brief, which is our only source of information on the subject.

Such a defect is not sufficient to make the indictment bad.

The allegation as to the time when the grand jury was impanneled, is entirely unnecessary, and may be regarded as surplusage. The form of indictment is provided for in section 1732, R. S. 1881, as follows:

"The indictment may be substantially in the following form (after first giving the caption and title): The grand jury of the county of ———, upon their oath, do present: That A. B., on the —— day of ——, 18—, at the county of ———. (Here set forth the act charged as an offense)."

Section 1756, R. S. 1881, provides that no indictment shall be quashed for, "*Sixth*, any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged."

Section 1755, R. S. 1881, declares that (so far as the finding of the indictment is concerned) an indictment is sufficient if it can be understood therefrom, "*First*, that the indictment was found by the grand jury of the county * * * in which the court was held."

The statement of the time being then entirely unnecessary, the fixing of a time which is plainly a clerical error, and is only an imperfect statement, may be considered as surplusage and disregarded.

It has been held, by our Supreme Court, that the statement of the time of an offense, as the year A. D. 188—, may be considered as the statement of no time whatever, or is simply an imperfect statement, which may be disregarded. *State* v. *Sammons*, 95 Ind. 22; *State* v. *Patterson*, 116 Ind. 45.

The judgment is reversed, with instructions to overrule the motion to quash.

