State v. Major.

---

THE STATE OF MISSOURI, Respondent, v. JOHN MAJOR, Appellant.

**Kansas City Court of Appeals, October 30, 1899.**

1. **Selling Liquor:** DRUGGIST: INDICTMENT: NAME OF PURCHASER. Where an indictment for selling liquor charges the defendant as a druggist, it must name the party to whom the sale was made.

2. ———: INDICTMENT: UNCERTAINTY: DATE. Where an indictment names a date and adds "at divers and sundry other times," such addition does not affect the statement of the day alleged.

3. ———: ———: ———: ———: SURPLUSAGE. The words "on or about a given date" do not render a charge uncertain, and if they did, would be regarded as surplusage.

Appeal from the Callaway Circuit Court.—*Hon. J. A. Hockaday*, Judge.

AFFIRMED.

*N. D. Thurmond* for appellant.

(1.) The indictment is bad for uncertainty. The indictment alleges that the sale was "on or about the ninth day

of May and divers and sundry other times." The indictment charges no offense. The defendant is charged with selling one pint of whiskey, one offense, and that one offense is alleged to have been committed "on or about the ninth day of May and on divers others days." Kelley's Criminal Law, sec. 182. (2.) The evidence does not support the verdict. The court should have instructed the jury to find for the defendant. The prosecution was malicious. The evidence shows this. On the weight of the evidence alone the defendant ought to be discharged.

*David H. Harris* for respondent.

(1) . The indictment is well enough. The words "or about" and "divers and sundry other times within one year prior thereto," may be treated as mere surplusage. If we strike them out, sufficient is left to fully charge the crime. State v. Hoover, 31 Ark. 677; Hampton v. State, 8 Ind. 336; Hardeback v. State, 10 Ind. 459; State v. McCarty, 44 La. Ann. 323; Cook v. State, 11 Ga. 53; Com. v. Bryden, 9 Met. (Mass.) 137.

ELLISON, J.—The defendant, a druggist, was indicted, tried and convicted for selling liquor without a prescription. It is contended that the indictment is bad for uncertainty in that it charges the sale to have been made on or about the ninth day of May and on divers others days. The following is the charge as made by the grand jury, that, "John Major, he being then and there a proprietor of a drug store, on or about the ninth day of May, A. D., 1898, and at divers and sundry other times within one year next prior thereto, at the county of Callaway and state of Missouri, did unlawfully sell, give away and dispose of intoxicating liquors in less quantities than four gallons, to wit, one half pint of whisky to one, A. E. Holmes, he, the said Holmes, not having a written prescription, etc.".

Defendant being charged as a druggist it was necessary to name the party to whom the sale was made. State v. Martin, 108 Mo. 117.

The exact day of sale, if necessary to specify, is alleged with sufficient certainty. A certain day is named and the allegation "and at divers and sundry other times" does not affect the statement of the day alleged. The charge is that a sale was made on or about the ninth day of May and that sales were made at other times.

But it is said that the words, "on or about," render the charge uncertain. We think not. For if we conclude that no other day could be proved than the one alleged, yet the words objected to may be regarded as surplusage. State v. Hoover, 31 Ark. 677; Hampton v. State, 8 Ind. 336; Hardeback, v. State, 10 Ind. 459; State v. McCarty, 44 La. Ann. 323; Cook v. State, 11 Ga. 53; Com. v. Bryden, 9 Met. (Mass.) 137.

The evidence in our opinion contains sufficient to sustain the verdict. The judgment should be affirmed. All concur.