## COMPHER v. THE STATE.

In prosecutions for selling intoxicating liquor, without a license, it must distinctly appear that the liquor was drunk in the defendant's house, out-house, yard, garden, or the appurtenances thereto belonging.

APPEAL from the *Henry* Common Pleas.

DAVISON, J.—This was a prosecution under "an act to regulate and license the sale of spirituous and intoxicating liquors," &c. Section 10 of that act provides thus: "Any person, not being licensed, &c., who shall sell or barter  *  *

Compher *v.* The State.

any intoxicating liquor to be drank in his house, out-house, yard, garden, or the appurtenances thereto belonging, shall be fined," &c.   Acts 1859, p. 294.   The information charges, in substance, that *Compher*, who was the defendant, on, &c., at, &c., sold one quart of spirituous and intoxicating liquor to *John B. Millikin*, in violation of the above provision of the statute.

The Court tried the cause and found the defendant guilty. Motion for a new trial denied, and judgment upon the finding, &c.

The appellant assigns but one error, namely : The insufficiency of the evidence to sustain the finding.   The evidence is upon the record, and is substantially as follows:  *Stephen Cory*, a witness, testified that on the 25th of *March*, 1861, he, witness, *John B. Millikin*, and three or four others met in defendant's grocery, at *Circleville*, in *Henry* county, to receive payment for their hogs.   After they had transacted their business, some one of them proposed that, as it was a cold day, they should have some liquor.   *Millikin* inquired if the defendant kept good liquor, was told that he did, and then called for a quart; the defendant drew him a quart of rye whisky, and set it on the window, stating at the time that they must take the whisky away from the house to drink it, for he did not want to violate the law; that they could take it out yonder to the stable.   *Millikin* took the liquor and paid 30 cents for it.   They went across a space of ground between the grocery store and an unoccupied dwelling house, about two and one-half rods from the grocery, on the opposite side of the dwelling house from the grocery, and about half way between the dwelling house and the stable, and in the same enclosure in which the grocery stands, and there they drank the liquor.   *David Cory*, another witness, testified that on the 25th of *March*, 1861, the grocery store was occupied by the defendant.   It stands on the north-west corner of the lot

fronting a street on the north and on the west, the stable and dwelling house spoken of by the first witness, both standing on the same lot, or rather two lots, with no partition fence between them, making about one-half acre of ground. One *Silas Shafer* held the fee simple of the whole premises, and was occupying and controlling all except the grocery store, which he had rented to the defendant. *Shafer* used the stable for his own horses, and the ground on which the liquor was drunk, for his garden. This was all the evidence given in the cause. And, as understood by us, it was plainly insufficient to authorize the finding. The defendant, when he sold the liquor to *Millikin*, very distinctly told him that it must be taken away, in effect, that it should not be drunk on the premises; and the liquor was accordingly taken away. It was not "drunk in the defendant's house, out-house, yard or garden, or the appurtenances thereto belonging," but at a place over which he had no control. The result is, the Court erred in its refusal to grant a new trial.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*James Brown*, for the appellant.
*W. F. Walker*, for the State.