Clark *v.* The State. •

*M. M. Ray, J. W. Gordon, W. March,* and *J. L. Mason,* for appellees.

———————•———————

## CLARK *v.* THE STATE.

INDICTMENT.—*Liquor Law.*—In an indictment for selling intoxicating liquor without a license, if the selling be charged as of a less quantity than a quart at a time, it is not not necessary that it should also be charged that the liquor sold was to be drank in the defendant's house, out-house, yard, garden, or the appurtenances thereto belonging. *Compher* v. *The State,* 18 Ind. 447, explained.

SAME.— *Time.*—Under the code, as at common law, an indictment must charge the offense to have been committed on a particular day stated.

SAME.—An indictment charged the offense to have been committed "on or about the — day of July, 1869, which was the first day of the week, commonly called Sunday."

*Held,* that the indictment should have been quashed on motion, for failure to designate the time of the commission of the offense.

APPEAL from the Decatur Circuit Court.

WORDEN, J.—Indictment of the appellant for retailing without license. Motion to quash overruled. . Trial by the court; conviction and judgment; exceptions.

The indictment charges that the defendant, without license, on or about the —— day of July, 1869, which was the first day of the week, commonly called Sunday, at, &c.. sold to one Ira Wood, intoxicating liquor, by a less quantity than a quart at a time, for the sum of ten cents.

It is insisted that the indictment should have been quashed, for the reason that it does not charge that the liquor was to be drunk in the defendant's house, &c.; and the case of *Compher* v. *The State*, 18 Ind. 447, is cited in support of the position. The tenth section of the temperance law, 1 G. & H. 616, defines two offenses and prescribes the punishment therefor, first, the selling or bartering, by an unlicensed person, of intoxicating liquors by a less quantity than a quart at a time; second, the selling or bartering, by an unlicensed person, of any intoxicating liquors to be drunk or suffered to be drunk in his house, out-house, yard, garden, or the appurtenances thereto belonging. Thus it is lawful to sell, without license, intoxicating liquors in quantities of a quart or more at a time; yet it is unlawful to sell, without license, such liquors in any quantity, to be drunk or suffered to be drunk in the places named in the statute. In the case of *Compher* v. *The State*, the indictment was for selling a *quart*, and no offense was committed unless the liquor was to be drunk or suffered to be drunk at some one of the interdicted places.

The indictment in the case before us is for selling by a less quantity than a quart, and charges a violation of the first branch of the section, which makes it unlawful to sell in such quantity, without reference to the place where it is to be drunk.

An objection is made, however, that is fatal to the indictment; which is that it fails to allege the time of the commission of the offense. It will be seen that the closest ap-

proximation given to the time of the offense is some Sunday in July, 1869..

It is a thoroughly established principle of criminal pleading that the crime must be charged to have been committed on a particular day, to be stated in the indictment. *Hampton* v. *The State,* 8 Ind. 336.

We have the following statutory provision on the subject: " The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where time is an indispensable ingredient of the offense." 2 G. & H. 402, sec. 56.

This statute does not dispense with the necessity of stating a day on which the offense was committed; but it is declaratory of what was the law before, viz.: that the State is not bound by the day stated, but may prove any other day within the statue of limitations in all cases where time is not an ingredient of the offense. The effect of the statute is the same as if it read as follows: "The real time of the commission of an offense need not be stated in the indictment; but it is sufficient if shown *by the proof* to have been within the statute of limitations, except," &c.

This is the construction given the statute in the case of *Hampton* v. *The State, supra,* where the court, after citing the statute, say: "This does not change the common law rule. as above stated. It does not dispense with the stating of time, but it need not be the precise time proved."

In that case it was held that an indictment was good that charged the commission of an offense "on or about" a stated day, rejecting as surplusage the words "or about."

It may, perhaps, be regarded as somewhat technical to hold that time must be stated in the indictment, while in the proof the prosecutor is not bound by the time stated; but it is our duty, not to make the law, but to declare and administer it as we find it. We quote, as pertinent to the case,. an extract from the opinion of the court as delivered by Judge STUART, in the case of *Rosenbaum* v. *The State,* 4

Clark *v.* The State.

.Ind. 599.` "There is nothing in the revision that we are aware of, and surely no consideration of sound policy, which should induce the court to relax the strictness required in all the substantials of criminal pleading and evidence. Any other rule would be pernicious in its· tendency. The harmless decision of to-day becomes the dangerous precedent of to-morrow. The people have no better security than in holding the officers of the State to a reasonable degree of care, precision and certainty in prosecuting the citizen for a violation of the law."

The judgment below is reversed, and the cause remanded, with instructions to quash the indictment.

*C. & J. K. Ewing,* for appellant.

*B. W. Hanna,* Attorney General, and *A. B. Campbell,* for the State.