### EFFINGER *v.* THE STATE.

LIQUOR LAW.—*Sale on Sunday.—Affidavit.*—In a prosecution for selling intoxicating liquors on Sunday, the affidavit alleged that the sale was made " on or about the 2d day of November, 1873, the said day being Sunday."

*Held,* that the time, which was an essential ingredient of the offence, was not stated with sufficient accuracy, and that a motion to quash the affidavit should have been sustained.

From the Jefferson Circuit Court.

*J. L. Wilson* and *E. R. Wilson,* for appellant.

*J. C. Denny,* Attorney General, for the State.

WORDEN, C. J.—Prosecution for selling liquor on Sunday. Conviction and judgment, over motions to quash the affidavit and in arrest of judgment.   The affidavit on which the prosecution was based is as follows:

"State of Indiana, Jefferson county, ss.: William Jones swears that on  or about the 2d day of November, 1873, in said county, John  Effinger, as affiant verily believes, did unlawfully sell intoxicating liquors to George Reed, for ten cents, the said day being Sunday, and the said John Effinger having then and there a permit under the then existing laws of the State of Indiana to sell intoxicating liquors."

Two objections are urged to the affidavit; first, that it is not sworn to positively, but only as the affiant believes; and, second, that the time of the offence is not sufficiently stated. We shall pass over the first objection, as the second is fatal. Time here is an indispensable ingredient of the offence, and

where such is the case it must be accurately stated. *Clark* v. *The State,* 34 Ind. 436; *The State* v. *Land,* 42 Ind. 311.

The affidavit alleges that the sale was made on or about the 2d day of November, 1873, the said day being Sunday. What day is alleged to have been Sunday? Clearly the 2d of November, 1873, as no other day had been mentioned. But the sale is not alleged to have been made on that day, but only on or about that day. The sale may have been made on some other day about that time. The affidavit states, in substance, that the 2d day of November, 1873, was Sunday, and that on or about that day the defendant sold the liquor. This is clearly insufficient. The case can not be distinguished from that of *The State* v. *Land, supra.*

The court below erred in overruling the motion to quash the affidavit.

The judgment below is reversed, and the cause remanded, for further proceedings in accordance with this opinion.