No. 10,085.

## PANCAKE v. THE STATE.

INTOXICATING LIQUOR.—*Beer.*—*Selling on Sunday.*—*Evidence.*—On trial of an indictment for selling liquor on Sunday, evidence, to wit: "Am sure it was on Sunday. Mr. K. got a glass of beer for himself and one for me. Defendant handed us the liquor; K. paid for it five cents a glass; beer is an intoxicating liquor," shows that the beer so sold was an intoxicating liquor, and is sufficient to sustain a conviction.

SAME.—*Instruction.*—*Assuming Fact.*—*Jury.*—On such trial, it was error to instruct the jury: "It would be a legitimate inference for you to draw that the witness, in saying beer was intoxicating, had reference to the beer spoken of by him when he said he had purchased beer of the defendant." The inference from the facts is a question for the jury, and not a matter of law for the court.

SAME.—*Construing Evidence.*—*Practice.*—Upon a motion for a new trial, challenging the sufficiency of the evidence, a court is authorized to give a construction to the testimony of witnesses which it may not do when giving the cause to the jury.

SAME.—If the evidence show that liquor was sold on some Sunday within two years prior to the return of the indictment, it need not fix the precise Sunday within that time.

From the Bartholomew Circuit Court.

*G. W. Cooper*, for appellant.

*D. P. Baldwin*, Attorney General, *W. W. Thornton* and *W. Dixon*, Prosecuting Attorney, for the State.

NIBLACK, J.—On the 19th day of December, 1881, an indictment was returned against Frank Pancake, the appellant, for selling intoxicating liquor, in a less quantity than a quart, to one Charles Knowlton, on the 28th day of August, 1881, being the first day of the week, commonly called Sunday.

A jury returned a verdict of guilty as charged, assessing a fine of ten dollars against the appellant, and, first refusing to grant a new trial, the court rendered judgment upon the verdict.

Questions are made here upon the sufficiency of the evidence to sustain the verdict, and upon certain instructions given to the jury.

One Parley Dixon testified : " I know the defendant Pancake, and Charles Knowlton, named in the indictment.   The defendant was  keeping a saloon in the latter part of the year 1881.   I saw Charles Knowlton  purchase some beer of the defendant in  the latter  part  of the year  1881.   It was just after the fair of the Bartholomew Agricultural Society of that year.  *   *   *   *   *   *   It was either the first or second Sunday after the fair.   It was on Sunday.   Am sure it was on Sunday.   Mr. Knowlton got a glass of beer  for himself and one for me.   Defendant handed us the liquor.   Knowlton paid for it five cents a glass.   Beer is an intoxicating liquor.   *   *   *   *   *   *   It was in  Bartholomew county, State of Indiana, that what I have stated relating to Charles Knowlton's purchase of  beer from defendant took place."

One George Buxton testified, that the fair of the Bartholomew Agricultural Society, for the  year 1881, commenced on the 29th day of August of that year, and continued  until the next Saturday, the 2d  day of September.   And this was substantially all the evidence given in the cause.

It is most earnestly contended that the evidence set out as above did not either show, or  fairly  tend  to show, that the beer sold by the appellant to  Knowlton  was an intoxicating liquor, and that hence the verdict was  not sustained by the evidence.

Having reference, however, to the connection in which the witness, Dixon, stated that beer was an  intoxicating liquor, we are of the opinion that he intended to  be understood as saying, and that the fair inference from all he said on that subject was, that the beer, concerning which he was testifying as having been sold by the appellant, was an intoxicating liquor. ·

Taking several of the instructions together, the court said, in substance, to the jury, that proof of the precise time at which the intoxicating liquor was sold was immaterial, provided it was shown to have been sold within two years prior

to the 19th day of December, 1881, and on some Sunday within that time.

There was no error in so instructing the jury. Moore's Criminal Law, section 367 ; *Buckner* v. *The State*, 56 Ind. 207.

The authorities cited by the appellant have reference to the necessity of charging some definite time in the indictment, and not to the proof which is required as to the time of the commission of the offence.

The last instruction given by the court, known as No. 15, was as follows :

" If it appears from the evidence that a witness testified that he bought beer of the defendant, and he is asked if beer is intoxicating, and he says it is, and you find that no different kind of beer has been mentioned or spoken of by the witness or others during his examination, then, in such an event, it would be a legitimate inference for you to draw that the witness, in saying beer was intoxicating, had reference to the beer spoken of by him when he said he had purchased beer of the defendant."

It is objected to this instruction that it assumed to give an unauthorized construction to the evidence, and thus invaded the province of the jury. That objection is well founded and must be permitted to prevail. What was, and what was not, a legitimate inference from the hypothetical facts enumerated in the instruction, was a question of fact for the jury, and not a matter of law for the decision of the court. The instruction can not, therefore, be sustained.

Upon a motion for a new trial challenging the sufficiency of the evidence, a court is authorized to give a construction to the testimony of witnesses which it may not do when giving the cause to the jury.

The judgment is reversed, and the cause remanded for a new trial.