No. 10,255.

## GILBERT v. THE STATE.

CRIMINAL LAW.—*Sabbath Desecration.—Indictment.*—In a prosecution for desecration of the Sabbath, under section 95, Acts 1881, p. 194, R. S. 1881, section 2000, the indictment alleged that the defendant, on the 4th day of December, 1881, unlawfully engaged in common labor, and his usual vocation, by selling cigars.

*Held*, that the indictment was insufficient for failing to allege that the sale was on some day known and commonly called Sunday.

*Held*, also, that proof must be made of the sale on some particular Sunday within a time not barred by the statute of limitation of six months, section 1594, R. S. 1881.

From the Montgomery Circuit Court.

*D. A. Roach* and *N. P. H. Proctor*, for appellant.

*D. P. Baldwin*, Attorney General, *W. W. Thornton* and *J. H. Burford*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution upon an indictment for what was claimed to be a violation of the statute for the protection of the Sabbath. Acts 1881, p. 194, sec. 95.

The indictment charged the appellant, Demas Gilbert, a person over the age of fourteen years, with having, on the 4th day of December, 1881, at the county of Montgomery and State of Indiana, unlawfully engaged in common labor, and his usual vocation, by then and there selling and delivering to one Wallace A. Stilwell two cigars, at and for the price of ten cents, such sale and delivery not being a work either of charity or necessity.

The appellant moved to quash the indictment upon the ground that it did not also charge that the alleged offence was committed on the first day of the week, commonly called Sunday, but his motion was denied. A trial and conviction of the appellant followed.

The appellant maintains that the indictment was neither in the words of the statute nor in equivalent words, in its description of the offence intended to be charged, and that, consequently, the motion to quash it ought to have been sustained.

On behalf of the State, it is contended that the 4th day of December, 1881, fell on Sunday, and that we must take judicial knowledge of the fact that that day was Sunday; that for that reason it was sufficiently charged that the sale of the cigars was on Sunday.

Under the indictment, the State was at liberty to prove the sale of cigars on any day within six months preceding the time of the return of the indictment into court, as the precise time of the sale was immaterial, provided it was not fixed at so remote a period as to make it barred by the statute of limitations; but the *gravamen* of the offence evidently intended to be charged was the unlawful engagement by the appellant on Sunday, in his usual vocation of selling cigars. To make out that offence, it was necessary to confine the proof to some particular Sunday within a time not barred by the statute. *Pancake* v. *The State, ante,* p. 93.

In order that the proof might have been so limited at the trial, it was necessary that the indictment should have charged that the sale was on some day known as and commonly called

Sunday. Moore's Criminal Law, sections 679,680 ; *The State* v. *Land*, 42 Ind. 311 ; *Clark* v. *The State*, 34 Ind. 436.

The court, therefore, erred in overruling the motion to quash the indictment.

The judgment is reversed, and the cause remanded for further proceedings.