Filed Nov. 24, 1883.

———————— ◆ ————————

No. 11,201.

## ROY v. THE STATE.

INTOXICATING LIQUOR.—*Sale on Sunday.*—*Indictment.*—*Time.*—An indictment for selling liquor on Sunday charged that the act occurred "on the 20th of June, 1883. * * Said 20th of June being the first day of the week, commonly called Sunday." The date given was Wednesday. *Held,* that the indictment was good.

From the Criminal Court of Marion county.

*A. F. Denny,* for appellant.

*F. T. Hord,* Attorney General, *W. T. Brown,* Prosecuting Attorney, and *C. F. Robbins,* for the State.

HAMMOND, J.—Indictment; arraignment; plea of not guilty; trial by the court and conviction of the appellant, under section 2098 of R. S. 1881, upon a charge of selling intoxicating liquor upon Sunday, to be drank as a beverage.

Motions made by the appellant at the proper time to quash the indictment, for a new trial, and in arrest of judgment, were severally overruled and exceptions taken.

The sufficiency of the indictment, and also the sufficiency of the evidence to sustain the finding of the court, are called in question by the assignment of errors.

The indictment charges that the offence was committed " on the 20th day of June, 1883. * * * Said 20th day of June being the first day of the week, commonly called Sunday."

As we judicially know that the 20th day of June, 1883, was not Sunday, but Wednesday, it is earnestly insisted, by the learned counsel for the appellant, that the error of date renders the indictment fatally defective.

The time of the alleged commission of an offence must be stated in the indictment. It is not necessary, however, for the proof to correspond with the date as stated. If the evidence shows that the offence was committed within a period which does not bar its prosecution by the statute of limitations, it is sufficient upon this point.

The gist of the offence charged in the indictment consists in doing the act charged on Sunday. With respect to the day of the month, no more particularity is required in an indictment for an offence like this than for other offences. Thus, in *Pancake* v. *State*, 81 Ind. 93, which was a prosecution for selling intoxicating liquor on Sunday, on a date specified in the indictment, it was held that proof of the precise day was immaterial, and that it was sufficient if the sale was shown to have taken place on some Sunday at any time within two years prior to the return of the indictment.

Mr. Bishop, in his Criminal Procedure, vol. 1, section 399, says, generally, that it is unimportant on what day of the week a wrongful act is done, and it need not be alleged. But, if an offence consists, for instance, in doing a thing on Sunday, the indictment, in addition to the day of the month and year, must aver it was Sunday, and not merely mention a day found to be Sunday by the calendar. If the day of the week is thus properly set out, the indictment will be good, though the day of the month given in it falls on some other day of the week.

So, Mr. Wharton, in his Criminal Pleading and Practice (8th ed.), section 121, says: "The statement of the day of the month, in an indictment for an offence on Sunday, though the doing of the act on that day is the gist of the offence, is not more material than in other cases; and hence, if the indictment charge the offence to have been committed on Sunday, though it names the day of the month which does not fall on Sunday, it is good."

In *People* v. *Ball*, 42 Barb. 324, the offence was charged to have been committed on Sunday, October 13th, 1862. The

date named was Monday. The court said: "It was not an essential element in the offence charged, that it should have been committed on the 13th day of the month mentioned, or on any other day of that month. The time was not material, provided the day when the sale was made, which was the subject of the complaint, was Sunday. The statement of the day of the month, in an indictment for committing an offence on Sunday, though the doing of the act on that day is the gist of the offence, is not more material than in other cases."

So, upon a similar indictment, in *State* v. *Eskridge*, 1 Swan (Tenn.) 413, the court said: "The day of the month is immaterial; the gist of the offence is that the spirituous liquor was sold on Sunday, and whether the day of the month is correctly stated is no more important in this than in other offences."

In *Hoover* v. *State*, 56 Md. 584, it was held that where the offence consists in doing a thing on Sunday, the indictment will be good if it charge the unlawful act to have been done on Sunday, though the day of the month given in it falls on some other day of the week.

To the same effect, also, is *State* v. *Drake*, 64 N. C. 589. The only case that we can find holding to the contrary is *Werner* v. *State*, 51 Ga. 426. The indictment charged that the offence was committed on Sunday, April 4th, 1873, when in fact that date was Friday. It was held that the motion to quash the indictment should have been sustained. The court in that case seems to have overlooked the authorities upon this question, and cites no case that supports its ruling. We can not, in view of the other cases to which we have referred, supported as they are by such eminent text-writers as Bishop and Wharton, regard the Georgia case as authority.

Counsel for the appellant call our attention to *Clark* v. *State*, 34 Ind. 436; *State* v. *Land*, 42 Ind. 311; *Effinger* v. *State*, 47 Ind. 235. In each of these cases the offence was charged to have been committed "on or about" a certain day, which day was alleged to have been Sunday.

The indictment in each case was held bad, because it did not aver, unequivocally, that the offence was committed on Sunday, but "on or about" a certain day, which was Sunday. Those cases do not militate against what we must hold as the law in the present case.

It is true, as claimed by the appellant, that, in the present case, time is of the essence of the offence, but we do not regard the time as so imperfectly stated in the indictment as to require it to be quashed under clause 8 of section 1756, R. S. 1881.

We come to the appellant's motion for a new trial. The prosecuting witness, Hattie Whipple, testified quite positively, in her examination in chief, that she purchased for her husband intoxicating liquor of the defendant on Sunday, May 20th, 1883. Her cross-examination may have thrown some doubt upon her evidence as to the time being Sunday; and she was contradicted by the defendant who testified that he never sold her intoxicating liquor on any Sunday. The evidence was conflicting, but as the court below had the witnesses before it, with an opportunity of observing their appearance and manner of testifying, we can not say that the evidence did not authorize a conviction.

Judgment affirmed, at the appellant's costs.

Filed Nov. 23, 1883.