## SHELL v. THE STATE.

[No. 17,953.   Filed May 21, 1897.]

CRIMINAL LAW.—*Affidavit and Information.*—*Time of Commission of Offense.*—*Statute Construed.*—Under the provision of section 1825, Burns' R. S. 1894 (1756, R. S. 1881), the failure to state in an affidavit and information the time at which the offense was com-mitted, or the imperfect statement thereof, is not fatal where time is not of the essence of the offense.   *p. 51.*

SAME.—*Affidavit and Information.*—*Time of Commission of Offense.* —*Statute Construed.*—Section 1807, Burns' R. S. 1894 (1738, R. S. 1881), which provides that "the precise time of the commission of an offense need not be stated in the indictment or information, but it is sufficient if it be shown to have been within the statute of lim-

itations," etc., is in aid of a liberal construction of criminal pleading, and, while not requiring a statement of the time of the commission of the offense, it renders sufficient a statement which may not be precise.   *p. 52.*

PERJURY.—*False Oath to Affidavit and Information.*—A false oath, made before the mayor of a city, charging a person with larceny, may become the subject of a prosecution for perjury, notwithstanding no warrant was issued for the arrest of the accused and no legal steps taken in the case.   *pp. 52, 53.*

From the Miami Circuit Court.   *Affirmed.*

*Samuel M. Hench, Ethan T. Reasoner, John W. O'Hara* and *James M. Brown,* for appellant.

*W. A. Ketcham,* Attorney-General, and *C. C. Hadley,* for State.

HACKNEY, J.—The appellant, Edward L. Shell, alias Elmer E. White, was convicted of perjury upon affidavit and information in four counts. A motion to quash was made and overruled in the lower court, and that ruling is the only error assigned. The first count charged the time of the alleged offense as "on or about the 9th day of September, A. D. 1895," and each succeeding count charged it as "on the day aforesaid" or "at the time aforesaid."

It is insisted that the second, third, and fourth counts were insufficient, in stating no time, or in referring to a date stated in the first count.

In section 1825, Burns' R. S. 1894 (1756, R. S. 1881), it is provided that an information shall not be quashed "For omitting to state the time at which the offense was committed in any case in which time is not the essence of the offense." Under this provision it has many times been held that where time is not of the essence of the offense the failure to state it or the imperfect statement of it is not fatal. *Turpin* v. *State,* 80 Ind. 148; *State* v. *Sammons,* 95 Ind. 22; *State* v.

*McDonald*, 106 Ind. 233; *State* v. *Patterson*, 116 Ind. 45; *Myers* v. *State*, 121 Ind. 15; *Fleming* v. *State*, 136 Ind. 149; *Armstrong* v. *State*, 145 Ind. 609.

But counsel for the appellant say that these cases are unsound, in that their construction of the above quoted provision of the statute brings it in conflict with section 1807, Burns' R. S. 1894 (1738, R. S. 1881), which provides that "The precise time of the commission of an offense need not be stated in the indictment or information, but it is sufficient if shown to have been within the statute of limitations," etc. The cases above cited stand upon the plain words of the statute, and if out of harmony with the latter provision in its apparent meaning, we should first look for a construction of the latter provision harmonizing with the former. This may be found in the construction that it, like section 1825, is in aid of a liberal construction of criminal pleading and, while not requiring a statement of the time of the commission of the offense, renders sufficient a statement which may not be precise. This, we have no doubt, is the proper construction of this provision, and the cases cited are properly decided.

The second, third, and fourth counts are not bad upon the ground so urged.

It is further insisted that the counts were each bad in not charging that a lawful oath was taken by the appellant in making the affidavit constituting the alleged perjury. This insistence is supported by the one proposition that the information does not charge that a prosecution was commenced, or that legal proceedings were pending, and *Smith* v. *State*, 125 Ind. 440, is cited as supporting the proposition. It is charged that the appellant went before the mayor of the city of Peru and made oath to an affidavit charging one Barnard with the offense of larceny, and did

so for the purpose of procuring from said officer a warrant for the arrest of said Barnard upon said charge. A careful reading of the case of *Smith* v. *State, supra,* will disclose the distinction between that case and the present. Here the false affidavit was presented to, and an oath was made thereto before the officer who possessed the authority, and who was desired by the appellant, to issue a warrant for the arrest of Barnard. The act was the initial step in a prosecution for larceny, and was taken for the purpose of making it effective. So far as the appellant may have repented of his purpose, or may have been dissuaded from, or denied it, by the mayor or any other, could not atone, legally, for the offense thus completed. In the case of *Smith* v. *State, supra,* the false affidavit was made before a notary public, who possessed no authority to act upon it, in the sense of a legal proceeding, and it was not charged to have been made with a view to the commencement of a legal proceeding. It was not necessarily a step in any legal proceeding. The indictment was wholly deficient, as there held, in the charge of the materiality of the false matter. We do not believe it was in that case intended to decide that a false oath may not become the subject of a proscution for perjury, where the oath is required by law, unless the oath has been acted upon in a legal proceeding. If the appellant had filed the affidavit with the mayor and no steps had been taken upon it, no warrant issued, no file mark placed upon it, nevertheless the false oath, made for the purpose of procuring legal steps, should be as effective, in characterizing the act as criminal, as if the filing had been marked upon the affidavit, a warrant had been issued, and an arrest had been made. Nothing remained for him to do to make his oath effective. When made for the purpose of procuring effective legal action, the

act being one required by law, and that legal action depending, not upon the affiant, but upon the officer, it is sufficient upon which to charge perjury.

Finding no error in the record the judgment is affirmed.