BELL *v*. STATE OF INDIANA

[No. 27,353. Filed May 29, 1940. Rehearing denied June 28, 1940.]

*Orph M. Hall,* of Terre Haute, for appellant.

*Omer S. Jackson,* Attorney General, and *Glen L. Steckley,* Deputy Attorney General, for the State.

ROLL, C. J.—Appellant was charged by affidavit for failure to file bond to secure the payment of wages to employees, in the operation of a coal mine, as provided by § 40-112, Burns' 1933 (Supp.), § 10040, Baldwin's 1934. Appellant pleaded not guilty; a trial was had, and a verdict of guilty as charged was returned. The court overruled a motion in arrest of judgment and a motion for a new trial.

The errors assigned relate to the overruling of his motion to quash, his motion in arrest, and his motion for a new trial.

The affidavit, omitting the caption and signature reads as follows:

"Andrew Logan, swears that Alfred E. Bell, late of said County, on or about the 3rd day of January A. D., 1938, at said County and State aforesaid, being then and there the owner of a lease only, on a coal mine and mining property in Vigo County, Indiana, did then and there engage in the business of mining coal on said mining property as afore-

said, said lessee on said date, not being then and there the owner of the mine, plant, works, tools, appliances or machinery used in such business of mining coal, did then and there unlawfully fail, neglect and refuse, either before or after beginning such work and mining business or during the continuance of such mining operations and business, to tender to the Clerk of the Circuit Court of said County, a bond with surety to be approved by such Clerk, payable to the State of Indiana, in the sum double the amount of the weekly pay-roll of said lessee, conditioned that payments of wages due the employee of such lessee would be paid promptly when due, he, the said Alfred E. Bell, not then and there being the owner of physical property in conducting such business of mining coal, as shown by the last preceding assessment for taxation, of the value of at least double the amount of the weekly pay-roll of said lessee, all being then and there contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

Appellant's motion to quash, we think, was correctly overruled. Appellant's principal point raised in his motion to quash was based upon the assumption that time is of the essence of the crime attempted to be charged. This contention is based upon the provision of § 40-114, Burns' 1933, § 10042, Baldwin's 1934, which is to the effect that each day such business is conducted without the filing of such bond, shall constitute a separate offense and since the affidavit charged the offense as having been committed "on or about" the 3rd day of January, A. D., 1938, the affidavit is bad for uncertainty.

In the first place, we think appellant is in error in his position that time is of the essence of the offense charged. *Shell* v. *State* (1897), 148 Ind. 50, 47 N. E. 144; *Hampton* v. *State* (1856), 8 Ind. 336; *Effinger* v. *State* (1874), 47 Ind. 235.

We think the affidavit stated an offense under the statute, and that there was no reversible error in overruling the motion to quash.

Appellant, by his motion for a new trial, raises the question of the sufficiency of the evidence to support the verdict, and also urges that the verdict is contrary to law. The evidence is to the effect that appellant leased the mine itself from the duly appointed and acting receivers of said property. That he was a lessee of said mine. Appellant testified that he owned all the tools, appliances, and machinery used in the operation of said mine, except one boiler, which he purchased secondhand on a conditional sales contract, and upon which he still owed a balance of $165.00. All the other machinery, ropes, engine, etc., he was the absolute and unconditional owner thereof. He detailed the various articles of machinery, tools, appliances, etc., located on the leased premises, owned by him and used in the conduct of his business. He also detailed the work he had been engaged in for several years; that he was acquainted with the value of such machinery, appliances and tools, etc., used in operating a mine. He then stated what, in his judgment, each article mentioned was reasonably worth. The total value of such articles amounted to almost $6,000.00. Other witnesses testified that the articles they observed on the premises were worth about $2,500.00 as junk. It is by no means clear what articles were included in the junk price. There was no evidence which disputed appellant's estimate of the value, or that the property was not worth the amount testified to at junk prices.

Appellee made no attempt to establish the value of said articles, or to prove that appellant was not the owner thereof. The evidence as to the amount of appellant's weekly pay roll is very unsatisfactory. The

evidence shows that some days as many as nineteen persons worked. What each received is not made clear. About eleven men testified at the trial that they were employed by the appellant in the work of operating the mine. Most of their wages, according to their testimony, were $5.62 per day. Some of them said that they made about $5.00 per day. The record shows that they did not work steadily. Some weeks they worked five days, some weeks they worked six days and some weeks they worked on Sunday. But, assuming that appellant employed nineteen persons all the time and for seven days each week, at $5.62 per day, which is the maximum, appellant's weekly pay roll would be $747.46. The amount of appellant's bond under the most favorable interpretation would amount to $1,494.00. But, under the statute, no bond is required if the operator owns the machinery, tools, appliances, etc., used in operating the mine, and most certainly if the value of said physical property is worth double the amount of the weekly pay roll. The statute provides:

> "If the value of the physical property owned by such lessee in conducting such business, as shown by the last preceding assessment for taxation, is at least double the amount of the weekly pay-roll of such lessee, then and in that event it shall not be necessary for lessee to file a bond conditioned that payment of wages due the employees of such lessee will be paid as herein before provided." (§ 40-112, Burns' 1933, § 10040, Baldwin's 1934.)

While it is true, appellant was never assessed for taxation, there was therefore no "preceding assessment" for taxation, and no tax assessment appears on the tax list showing the amount of property owned by appellant, but no point is made of this fact by appellee. The affidavit charges that he was the lessee, and

was not "the owner of the mine, plant, works, tools, appliances or machinery used in such business of mining coal."

The record shows without contradiction that appellant was the owner of the plant, works, tools, appliances or machinery used in the operation of said coal mine.

As stated above, under the most favorable construction of the statute, and by the most favorable interpretation of the evidence, the verdict cannot be sustained, because the evidence, without contradiction, clearly establishes the fact that the value of the machinery, tools and appliances used by appellant in the conduct of mining coal was more than double the weekly pay roll, and that appellant was the owner thereof.

We therefore conclude that the verdict was not sustained by sufficient evidence, and that the verdict was contrary to law.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 27 N. E. (2d) 362.